UNITED STATES of America, Plaintiff,

v.

Charles "Corky" YEAPLE, Defendant.

Crim. No. 85–00029.

United States District Court,
M.D. Pennsylvania.

Feb. 28, 1985.

---

Bernard V. O'Hare, III, Asst. U.S. Atty., Scranton, Pa., for plaintiff.

Samuel L. Andes, Lebanon, Pa., for defendant.

## BAIL MEMORANDUM

CALDWELL, District Judge.

On February 27, 1985 defendant was arraigned, pleaded not guilty, and was scheduled for trial on April 17, 1985. At arraignment defendant also filed an "application for release on bail."

On February 6, 1985 the government requested a detention hearing pursuant to Section 3142(f)(1)(A) of the Comprehensive Crime Control Act of 1984. (The Act) (18 U.S.C.A. § 3142(f)(1)(A)). The government alleged that defendant was charged with a crime of violence and that if admitted to bail there will be a risk that defendant will attempt to obstruct justice through intimidation of prospective witnesses, etc.

On February 6, 1985 United States Magistrate Smyser conducted a detention hearing and on February 7, 1985 issued an order detaining defendant until trial. The Magistrate concluded that defendant posed a danger to young boys in his community.

■ The Act provides in Section 3145(b), entitled "Review of a Detention Order," that where detention pending trial is ordered by a Magistrate the defendant may file with the court "a motion for revocation or amendment of the order." We will treat defendant's application for release as a motion for revocation or amendment under § 3145(b). Unfortunately the statute gives no guidance as to the scope of our review, but we note that a hearing is not specifically required.

The matter of pre-trial detention is a new concept for the judicial system and The Act permitting it has been with us only since October 12, 1984. Detention pending trial is authorized in Section 3141(a) of the Bail Reform Act of 1984 (a part of The Act). The procedures to be followed are also within the provisions of The Act. Where the government desires to have a defendant detained pending trial it must proceed under Section 3142(f). This section requires a judicial officer (a magistrate) to hold a detention hearing upon a motion filed by the government. The statute directs that the government's motion must allege the existence of at least one of a number of circumstances, which in this case are (1) that the crime involved in the case is one of violence and (2) that there is a serious risk of intimidation, etc., to wit-

nesses. Upon the filing of such a motion the judicial officer is directed by Section 3142(f) to determine whether any conditions of bail will assure the defendant's appearance *"and* the safety of ... the community ...." Section 3142(e) provides that the defendant may be detained after the hearing required in subsection (f) if the judicial officer concludes that no conditions of bail, "will reasonably assure the appearance of the person ... and the safety of ... the community ...."

In this particular case, after considering all of the evidence produced, and based upon the physical evidence gathered in the search of defendant's home, Magistrate Smyser concluded that, "... the defendant has a current interest in actively participating in inducing young boys into sexual conduct. It is therefore concluded that he constitutes a danger to young boys in the community." The Magistrate did not comment upon whether defendant is charged with a crime of violence.

■■■ We believe it is important to note that while the government must allege that the case involves a crime of violence (§ 3142(f)), The Act is silent as to whether the judicial officer must find that the designation is correct. The Act contains no definition of the term "crime of violence" and Section 3142(e) directs the Magistrate to rule on just two subjects in resolving a request for detention:

(1) whether the person will likely appear for trial.

(2) whether the safety of any person or the community will be jeopardized.

The absence of a requirement that the judicial officer actually conclude that the crime involved in the case is one of violence creates a considerable ambiguity, i.e., whether detention is limited to only those situations where a recognized crime of violence is charged. It is abundantly clear, however, that the focus and concern of the Congress in enacting the legislation was the safety of people and the community, and the legislative history indicates that "safety" is not limited to an absence of physical violence. S.Rep. No. 98–225, U.S.Code Cong. & Ad-min.News 1984, p. 3. In our opinion this expression of legislative intent justifies a more searching examination of the circumstances than simply determining whether the crime charged is, in fact, one of physical violence.

■■■ Defendant is charged with violating 18 U.S.C. § 2252(a)(2), which prohibits the receipt of visual depiction material if the production thereof "involves the use of a minor engaging in sexually explicit conduct." Without more guidance in the statute it is at least arguable that this crime includes a certain form of violence. Persons who create the demand for such material by ordering or purchasing it indirectly cause minors to be drawn into this illegal activity, and bear some responsibility for the violence done to these minors, psychologically if not physically. Although defendant is charged federally with simple possession of this material, the evidence seized from his residence shows beyond doubt that he himself has photographed many minors engaging in the same sexually explicit conduct condemned by the statute. Defendant's possession of this evidence cannot be ignored in deciding whether the safety of young boys in his community will be jeopardized by his release. We have reviewed the evidence presented to the Magistrate, as the statute requires. The Magistrate's conclusion, that defendant's release would constitute a danger to the safety of young boys in the community, has strong support in the record, and we agree with the Magistrate that the factual representations of counsel are inadmissible and cannot be considered in deciding the issue.

■■■ Based upon the competent evidence produced at the detention hearing we conclude that the decision to detain defendant was supported by the evidence and we find no abuse of discretion or error of law by Magistrate Smyser.

■■■ Out of an abundance of caution, and some uncertainty as to the extent of our review function, we believe the court should consider any new or additional evi-

dence which defendant may wish to offer on the question of bail. Should defendant elect to consider this option he shall petition the court for a hearing and shall set forth specifically the nature and content of the additional evidence he desires to present. A decision on the need for a further hearing will then be made. We again emphasize that we will not second guess or reconsider the decision of the Magistrate, who heard the witnesses and viewed the exhibits, except to the extent that his decision is shown to be affected by new evidence.

### ORDER

AND NOW, this 28th day of February, 1985, the application of defendant for bail, filed February 26, 1985, is denied.