**UNITED STATES of America**

**v.**

**John M. COCCO, Defendant.**

**No. CR 85–00043.**

United States District Court, M.D. Pennsylvania.

March 15, 1985.

Bernard V. O'Hare, Asst. U.S. Atty., M.D. of Pa., Bethlehem, Pa., for plaintiff.

Joseph Sklarosky, Wilkes-Barre, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

We consider here a motion to revoke the order of United States Magistrate Robert C. Lear detaining Defendant Cocco pending his trial on criminal charges.

For the reasons outlined below, the motion will be denied.

## I

The Defendant has been indicted and charged with violating Title 18 U.S.C. § 2252(a)(2), in that he did knowingly receive, through the U.S. Mails, an illustrated advertisement containing the visual depiction of minors engaging in sexually explicit conduct.

On March 1, 1985, Magistrate Lear held a detention hearing and found the Defendant presents a clear danger to the safety of persons in the community; that the Defendant constitutes a serious risk of attempting to obstruct justice by threatening to injure or intimidate prospective witnesses; and that no combination of conditions—short of confinement—can insure the safety of both potential witnesses and the community at large. As a result of these findings, the Defendant was ordered detained until trial and remains confined at the present time.

After the motion to revoke the detention order was filed, we issued a rule on the Government to show cause why this detention order should not be revoked and bail set. Pursuant to that rule both sides have filed briefs and provided the court with the transcript of the hearing before the magistrate, as well as the magistrate's detailed detention order.[1]

## II

The proceedings we are concerned with here are all pursuant to Chapter 207 of the Comprehensive Crime Control Act of 1984, (the Act) (18 U.S.C.A. § 3141, et seq.). One of the dramatic nuances of the Act is the provision for pretrial detention—the basis of this motion. Section 3141 provides generally that a judicial officer (a magistrate) has the authority to detain or release a defendant pending judicial proceedings. Section 3142(e) provides the reasoning for ordering detention and § 3142(f) sets the parameters of the detention hearing. Section 3145 provides for review of the magistrate's detention order by the district court. This section provides that the court may revoke or amend any such order.

The entire concept of pretrial detention is extremely controversial and invokes significant dispute as to its impact on very basic constitutional and legal rights such as the presumption of innocence,[2] the burden of proof in criminal cases, the prohibition against self incrimination, and various other evidentiary and procedural problems.[3] Traditionally, anyone accused of a crime is considered innocent until proven guilty at trial—and thus—with the exception of very specific instances—entitled to remain free on bail unless and until convicted. Bail, however, is an often misunderstood concept, and this misunderstanding, coupled with a natural concern with repeat commission of crimes by those on bail, or probation, or parole, led to a growing demand for a change in the law that would allow for pretrial detention. This public clamor had much to do with the bail reform provisions of the new crime control act.

1. The court offered to provide time to allow either the Government or the Defendant to provide additional evidence or testimony, but the offer was declined and this decision is based on the record at the detention hearing.

2. No one would deny that *any* detention effects a clear and vital liberty interest—liberty from bodily restraint. *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1971); *Greenholtz v. Nebraska*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1978). But in considering or writing about "pretrial detention statutes" courts and commentators distinguish between detention for "punishment" i.e. after conviction—and detention for "purpose of preventing flight or intimidating witnesses, etc." Since the latter is usually allowed only for shorter peri-

ods—in this instance mandated by the Speedy Trial Rules—protection against it is obviously less than detention for punishment. See *Wong Wing v. U.S.*, 163 U.S. 228 at 235, 16 S.Ct. 977 at 980, 41 L.Ed. 140 (1896); *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); and *Bell v. Wolfish*, 441 U.S. 520, 526, 99 S.Ct. 1861, 1867, 60 L.Ed.2d 447 (1979). But to the detainee—as pointed in the dissent in *U.S. v. Edwards*, infra—the detention may have the same painful impact as incarceration by any other name. See *U.S. v. Edwards*, infra, at 1355.

3. i.e. see 3142(f) which provides "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing.

Among the earliest of the pretrial detention acts was that passed in the District of Columbia (D.C.Code 1973 § 23–1322) and that Act soon brought attacks of constitutional proportions. The preventive detention (pretrial detention) feature of that Act passed constitutional muster however, and was the source of the provisions of the federal statute we discuss here. See *U.S. v. Edwards*, 430 A.2d 1321 (D.C.1981) (en banc), cert. denied, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982) for a lengthy discussion and historical background of the concepts of bail and pretrial detention, etc.

Closer to home, we have the benefit of a memorandum of Judge William Caldwell of our court on the role of the district court pursuant to the review section of the Act— see *U.S.A. v. Yeaple*, 605 F.Supp. 85 (M.D.Pa.1985). In *Yeaple*, Judge Caldwell noted the statute gave no guidance as to the scope of the court's review, but pointed out that a new hearing is not specifically required. He thus reviewed the hearing officer's (the magistrate) findings to determine if they were supported by competent evidence, and determined whether there was an abuse of discretion or an error of law. We are in accord with this review process.[4]

Where the Government seeks to detain a defendant prior to trial, it must proceed under § 3142(e) of the Act. The Government must allege the existence of one or more circumstances, which in this case are (1) that the crime involved is one of violence; and (2) that there is a serious threat of intimidation or harm to potential witnesses. Upon such allegations § 3142(f) requires the judicial officer to determine "whether any condition or combination of conditions set forth in subsection (c) "will reasonably assure the appearance of the person as required and the safety of any other person and the community ...". If the magistrate finds no condition or combination thereof can be established, he "shall

order the detention of the person prior to trial". § 3142(e).

### III

 The Act indicates the magistrate need only find a crime of violence *or* possible intimidation alleged by the Government to precipitate the need for further inquiry. But in this case the magistrate found evidence of both. Acknowledging that the concept of violence might be more readily apparent in other types of crimes, he found the crime charged against the Defendant "is that of corrupting the minds and morals of young adults, a crime of violence though of a much more insidious nature." In face of the abundance of public information on the impact of aberrant sexual conduct on children one can readily agree with that finding in this case. The lengthy record (some 160 pages) of the detention hearing is replete with testimony describing the deviate conduct of a pedophile and the Defendant's admission of such conduct over a long period of time in various sections of a number of communities in Northeastern Pennsylvania. The conduct included photography, and video-taping of young children in various states of dress and undress, in sexually explicit poses and positions, and sexually oriented interviews or conversations. Since "injury by or as if by distortion, infringement, or profanation" is an accepted definition of violence,[5] certainly that conduct falls within the statute's comprehension. [3142(f)(1)(A)].

The magistrate also found that "by virtue of the Defendant having names and addresses of various potential witnesses perpetuated by virtue of videotape, there also exists a substantial risk to those witnesses that the Defendant would endanger them to prevent them from testifying in subsequent criminal proceedings arising by virtue of the fruits of the search." (See Finding 22). Again, based upon the testimony referred to, that finding makes this a

---

**4.** A finding that no condition or combination of conditions will reasonably assure *safety* must be supported by *clear* and *convincing* evidence. 18 U.S.C. § 3142(f).

**5.** See Webster's New Collegiate Dictionary, 1980.

case that involves "a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror." [See Section 3142(f)(2)(B)].

In addition to having heard sufficient testimony to justify a positive finding on these two predicate conditions—the magistrate also heard abundant testimony to conclude, as required by Section 3142(g), that "no conditions of release would reasonably assure the appearance of the person as required, and the safety of any other person in the community."

There is testimony in the record, that on several occasions, prior to that for which he is charged, the Defendant had been advised by the postal service and U.S. Customs that they had seized child pornography addressed to him from overseas' senders, and still his conduct with various aspects of child pornography (i.e. receipt of material and taking of photographs and videotapes) continued unabated.

There was testimony, too, in describing the known conduct of pedophiles, that it is common for them to continue their aberrant conduct even in the face of warnings. In addition, there was lengthy testimony about the large number of photographs and videotapes secreted in both Defendant's home and office. There was also testimony of the admissions of the Defendant of his pedophiliac tendencies when confronted with the materials found in his possession.

To the Defendant's credit the testimony also describes him as a good father and husband, a successful and respected businessman and generally, bearing a good reputation in his community. He is a substantial property owner and has no criminal record.

Based on our thorough review of the record of the detention hearings, the magistrate's findings and detention order, as well as the submissions of the Government and the Defendant, we find that the magistrate properly considered (1) the nature of the offense charged; (2) the weight of the evidence against the Defendant; (3) the history and characteristics of the Defendant; and (4) the nature and seriousness of any danger to any person or the community posed by the Defendant's released. We find further that there is clear and convincing testimony and evidence on which his conclusions were based. We, therefore, adopt and approve the order of detention and will deny the motion for revocation or amendment.