UNITED STATES, Appellee,

v.

Roger R. PLOOF, a/k/a George Godin, Defendant, Appellant.

No. 88–1505.

United States Court of Appeals, First Circuit.

July 7, 1988.

---

Jeffrey M. Smith, Boston, Mass., on memorandum in support of appeal and request for release, for defendant, appellant.

Kevin E. Sharkey, Concord, N.H., on memorandum in opposition thereof, for appellee.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Defendant appeals from the order directing his detention pending trial. We review the background.

Defendant was indicted for conspiracy to make false statements on a mortgage loan application, 18 U.S.C. §§ 1014, 656; making false statements to a national bank, 18 U.S.C. § 1014; wilful misapplication of bank funds, 18 U.S.C. § 656; and bank fraud, 18 U.S.C. § 1344. Three criminal complaints charging a narcotics offense, interstate transportation of stolen property, and unlawful structuring of a financial transaction were also filed. On the government's motion, a detention hearing was held. Based on the evidence, the magistrate concluded that while conditions of release could reasonably assure defendant's presence at trial, there was no condition or combination of conditions of release which would reasonably assure the safety of other persons and the community if the defendant were released. The magistrate stated that the government had proven by clear and convincing evidence that during the period August to October 1987, defendant had plotted at length first to injure and then to kill his girlfriend's husband. The girlfriend and her husband at that time were involved in divorce proceedings. The magistrate concluded from this that defendant was a dangerous person who "appears to have no qualms about planning criminal acts and taking steps to protect himself from being associated with the crimes afterwards." In view of defendant's apparent ruthlessness, the magistrate could not find any conditions which would reasonably assure that defendant would not be a danger to persons who had crossed him. The magistrate rejected counsel's suggestion that anyone who had had anything damaging to say about defendant to law enforcement officials had already said it and that hence there was no longer anyone defendant would want to harm. The magistrate pointed out that defendant had plotted against his girlfriend's husband *after* the husband had

already talked to law enforcement officials. Consequently, the magistrate ordered defendant detained.

Defendant moved to revoke the detention order. The district court, after conducting a *de novo* review, concluded in part as follows:

> "[T]he government has proven by clear and convincing evidence that no condition or set of conditions will ensure the safety of [the girlfriend's husband] or the community."

The court felt defendant's activities with respect to the husband "strongly suggest[ ] that [defendant] might intimidate witnesses in this and other criminal proceedings thus obstructing justice and endangering the safety of potential witnesses and the community." The court did not state, and it is not clear, whether the girlfriend's husband is likely to be a witness in the present case.

On appeal, defendant has several arguments. He points to the district court finding that the government had proven "no condition or set of conditions will ensure the safety of . . . the community" and notes that the statute speaks in terms of whether any conditions "will *reasonably* assure . . . the safety of . . . the community." 18 U.S.C. § 3142(f) (emphasis added). In view of the district court's omission of the word "reasonably," defendant argues the court imposed the wrong standard: the court refused to release him because there was no absolute certainty that defendant's release would not endanger the community, whereas the statute only calls for a reasonable assurance of safety. Second, and apart from the foregoing alleged error, defendant argues that preventive detention on the ground of dangerousness to the community is not statutorily authorized in the circumstances of this case. In short, defendant's argument is that preventive detention cannot be ordered whenever a defendant could reasonably be perceived as a danger to another person or to the community. To put the matter starkly, even if defendant is indeed a clear danger to the girlfriend's husband in what, defendant says, is an unrelated domestic relations matter, that does not warrant detention on the present charges. Rather, release can be denied on dangerousness grounds alone only when a person is charged with one of the crimes enumerated in 18 U.S.C. § 3142(f)(1)(A) through (D). We turn to this latter statutory argument first.

The Bail Reform Act directs the judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the preceding terms will not reasonably assure appearance or will endanger safety, then the judicial officer is directed to consider a number of conditions to be attached to a release order. 18 U.S.C. § 3142(c). Only "[i]f, after a hearing pursuant to [§ 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," shall the judicial officer order detention. § 3142(e). Section 3142(f), which is central to the present appeal, in turn specifies certain conditions under which a detention hearing shall be held. Defendant now argues, that while § 3142(e) speaks in terms of detaining a person on dangerousness grounds, such a detention can only be ordered after a hearing in accordance with § 3142(f), and the grounds set out in that section limit a dangerousness finding to instances of the kind listed therein.

Section 3142(f) provides in material part as follows:

> (f) Detention hearing. The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community—
>
> (1) upon motion of the attorney for the Government, in a case that involves—
>
> (A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); or

(D) any felony if the person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk that the person will flee; or

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

In other words, § 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the following instances:

1) upon motion of the government in a case involving a crime of violence, § 3142(f)(1)(A);

2) upon motion of the government in an offense where the maximum sentence is life imprisonment or death, § 3142(f)(1)(B);

3) upon motion of the government in certain drug offenses, § 3142(f)(1)(C);

4) upon motion of the government in the circumstances presented in § 3142(f)(1)(D);

5) upon motion of the government or the court's own motion in a case that involves a serious risk of flight, § 3142(f)(2)(A) or

6) upon motion of the government or the court's own motion in a case that involves a serious risk that the defendant will obstruct or attempt to obstruct justice or intimidate or attempt to intimidate a witness or juror, § 3142(f)(2)(B).

In the present case, the government invoked § 3142(f)(1)(C), (f)(2)(A), and (f)(2)(B), that is the third, fifth, and sixth instances listed above, in moving for a detention hearing. Neither the magistrate nor court based detention on the first two bases, that is neither found that the case involved a drug offense or a serious risk of flight. Hence, defendant argues, the only remaining basis for a detention hearing is § 3142(f)(2)(B), but the district court did not expressly find "a serious risk" that defendant would obstruct or attempt to obstruct justice or attempt to intimidate a witness or juror. Rather, the court based its detention order on dangerousness to the community, an insufficient basis by itself, defendant argues, when a detention hearing is sought under § 3142(f)(2)(B).

The Third Circuit was presented with a somewhat similar argument in *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986). There, the defendant had been charged with crimes involving the production of false identification. The district court ordered detention on grounds of dangerousness to the community, concluding that if the defendant were released he would commit further crimes involving false identification. The Third Circuit reversed, concluding the statute does not authorize "pretrial detention upon proof of danger to the community other than from those offenses which will support a motion for detention." *Id.* at 160. Quoting from legislative history, it stated that the § 3142(f) "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial.". Hence, detention could only be ordered "upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute," the court concluded. As defendant's offense involving false identification was not one of the offenses listed

in § 3142(f)(1), as the record did not support detention on flight grounds, and as there was no claim of obstruction of justice, detention was not authorized, the court ruled. Danger to the community present in the likelihood defendant would continue to commit offenses involving false identification could be considered only in setting conditions of release, the court determined. *Id.* at 160.

To be sure, the statute could conceivably be read more broadly than do defendant and the Third Circuit. Section 3142(e) directs the judicial officer, after holding a hearing pursuant to § 3142(f), to find whether any conditions will reasonably assure appearance and the safety of any person and the community. Here, a hearing was held pursuant to § 3142(f), that is, the government invoked several of the grounds specified in § 3142(f) for calling a detention hearing. The court then determined that no conditions would ensure the safety of the girlfriend's husband and the community. But for the omission of the word "reasonably" before "ensure" in that portion of the court's opinion, it can be argued that there was literal compliance with the statute since the statute does not expressly say that once a hearing is held pursuant to § 3142(f), the judicial officer, in order to direct detention, must, in addition to making the findings called for by § 3142(e), also expressly find that one of the conditions for calling a § 3142(f) detention hearing exists.

■ We believe, however, the structure of the statute and its legislative history make it clear that Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists. To conclude otherwise would be to ignore the statement in the legislative history that the "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial," *see* S.Rep. No. 225, 98th Cong., 2d Sess. 20, *reprinted in* 1984 U.S.Code Code & Admin. News 3182, 3203; *see also United States v. Salerno,* — U.S. —, 107 S.Ct. 2095,

2101, 95 L.Ed.2d 697 (1987) ("The Bail Reform Act carefully limits the circumstances under which [preventive] detention may be sought to the most serious of crimes"), and to authorize detention in a broad range of circumstances that we do not believe Congress envisioned. For example, it may be, as the government argues, that defendant has shown himself ready to influence a witness to testify falsely and otherwise to manufacture evidence against the girlfriend's husband in order to influence the state divorce and custody proceedings in the girlfriend's favor. Such activities may indeed constitute obstruction of justice in the state cases. But we do not think that the preventive detention provisions of the Bail Reform Act were meant to be invoked in order to safeguard a state domestic relations proceeding unconnected to the federal proceeding that has given rise to defendant's bail hearing.

■ The evidence that defendant has plotted to kill the girlfriend's husband presents a different question. If the husband is likely to be a material witness against defendant on the present federal charges and if there is a serious risk that defendant will attempt to intimidate the husband if released, the statute authorizes detention (provided no condition or combination of conditions would reasonably assure the husband's safety, § 3142(e)). Or if the district court were to conclude from defendant's past behavior that there is a serious risk that defendant, if released, will attempt to injure or intimidate other prospective witnesses (and if the evidence supports said conclusion) then, too, detention is authorized in accordance with §§ 3142(e) and (f)(2)(B). But if instead defendant's grudge against the husband is personal, unrelated to and unlikely to affect proceedings on the present charges, we are unable to conclude that the statute authorizes preventive detention.

■ In essence, we interpret the statute in the same manner as has the Third Circuit. That is, where detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in § 3142(f)(1). As the

Third Circuit pointed out, the Bail Reform Act created a new type of detention—preventive detention—to be invoked only under certain conditions. Insofar as in the present case there is no longer any contention that any of the subsection (f)(1) conditions were met, pre-trial detention solely on the ground of dangerousness to another person or to the community is not authorized. To the extent *United States v. Yeaple*, 605 F.Supp. 85 (M.D.Pa.1985), is inconsistent with our views, we decline to follow it.

■ Given the above, it is essential in the present case to know what ground or grounds were the actual basis of the district court's detention order. In common parlance, dangerousness to the community and obstruction of justice may not be separate and distinct categories: where there is a serious risk that a defendant, if released, would obstruct justice or intimidate witnesses, it could, in ordinary speech, reasonably be said that that person was a danger to the community. Indeed, there are overtones in the district court's opinion that, while speaking in terms of danger to the community, the court was actually considering the risk of obstruction of justice and witness intimidation. Defendant's apparent willingness to take extreme measures if he felt he would not be caught and defendant's conduct with respect to the girlfriend's husband suggested to the court that defendant "might intimidate witnesses...." In view of our above reading of § 3142(e) and (f), however, it is now necessary for the district court to clearly specify whether detention is based, on the one hand, on dangerousness to the community under subsection (f)(1) or, on the other, on witness intimidation or obstruction of justice under subsection (f)(2)(B). And, in the latter situation, a finding of the subsection (f)(2)(B) conditions is necessary. *See United States v. Acevedo–Ramos*, 755 F.2d 203, 206 (1st Cir.1985) (detention on finding serious risk of obstruction of justice). In the present case, the court did not squarely distinguish between subsection (f)(1) and subsection (f)(2)(B). Nor did the court expressly find, in the words of § 3142(f)(2)(B), "a serious risk" of witness intimidation or obstruction of justice. (Rather, the court found a strong suggestion that defendant "might" engage in such behavior.) Consequently, we conclude detention should be reconsidered and further findings made indicating whether or not there is a serious risk defendant will engage or attempt to engage in the conduct set forth in § 3142(f)(2)(B) *and* that no condition or combination of conditions set forth in § 3142(c) will *reasonably* assure the safety of any other person and the community.

The case is remanded for further proceedings in light of this opinion.