**UNITED STATES of America,**

v.

**Charles NILES, Defendant.**

**Crim. A. No. 1:94–M–1141.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 22, 1994.

Randy Chartash, Asst. U.S. Atty., Atlanta, GA, for plaintiff.

Jay Strongwater, Atlanta, GA, for defendant.

# 1374

## ORDER

HULL, District Judge.

This matter is before the Court on the government's Motion for Revocation of Release Order. For the reasons stated below, Defendant's motion is **DENIED** and this Court **ORDERS** Defendant, Charles Niles, detained prior to trial.

## BACKGROUND

Defendant Charles Niles is charged, by way of a criminal complaint, with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846. On November 9, 1994, a detention hearing was held before the Honorable John E. Dougherty, Magistrate Judge for the Northern District of Georgia. After the hearing, Magistrate Judge Dougherty ordered the Defendant released on a $50,000 corporate surety bond.

The government appealed from the Magistrate Judge's order that Defendant be released. On November 10, 1994, the government filed a Motion for revocation of the Magistrate Judge's release order. That same day, Magistrate Judge Dougherty entered an order staying the Defendant's release pending the government's appeal.

On November 18, 1994, a hearing was held before this Court to review and consider the facts and arguments presented by the parties. The Court's task is to conduct a *de novo* review of the Magistrate's decision. *See United States v. King,* 849 F.2d 485, 490 (11th Cir.1988).

## ANALYSIS

A court's inquiry into the necessity of ordering the pre-trial detention of a defendant is guided by 18 U.S.C. § 3142. Specifically, it is this Court's task to determine whether there exist any conditions or combination of conditions which reasonably will assure, first, the appearance of the Defendant as required and, second, the safety of any other person and the community, such that the Defendant should be released pending trial. 18 U.S.C. § 3142(e). In pursuing its analysis, the Court notes subsection (e) of the statute contains the caveat that "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community ... [where] there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.),...." *Id.*

After the November 9, 1994 hearing, Magistrate Judge Dougherty found that probable cause existed that Defendant had conspired to possess with the intent to distribute cocaine. Similarly, this Court after reviewing the record to date, finds that probable cause exists that Defendant conspired to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. Thus, the statutory presumption weighing against release properly is invoked against the defendant. *United States v. Hurtado,* 779 F.2d 1467, 1479 (11th Cir.1985). "Once the statutory presumptions are raised, the defendant carries the burden of production to come forward" and rebut the presumption; however, the burden of persuading the court that the defendant should remain in detention still lies with the government. *United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir. 1990). Should the defendant be successful in rebutting the statutory presumption, the presumption does not disappear, but rather becomes evidence to be weighed, along with other evidence, as suggesting a risk of flight or risk of danger. *Id.*

In this case, Defendant Charles Niles is charged with conspiring to possess with the intent to distribute one kilogram of cocaine in violation of 21 U.S.C. §§ 841 and 846, which carries a maximum penalty in excess of ten (10) years. Thus, the statutory presumption is properly triggered. The statutory presumption having been raised, the Defendant has the burden to come forward with evidence which rebuts the presumption and demonstrates that he does not pose a risk of flight and a danger to the community.

The testimony presented by the government at the Magistrate Judge's detention hearing and affirmed at the November 18,

1994 hearing before this Court showed, *inter alia:* (1) that Defendant arrived at the scene of a controlled purchase of cocaine between Drug Enforcement Agents ("DEA") and an individual named Burgess, (2) that Defendant brought the one (1) kilogram of cocaine to the site of the purchase, (3) that when DEA agents first entered the room where the sale was occurring, Defendant was seated on a couch next to Burgess who was counting the money for the cocaine and the cocaine was on the table next to Defendant and Burgess, (4) that DEA agent Jenkins attempted to subdue Defendant, and DEA agents Johnson and Cox attempted to subdue Burgess, (5) that Burgess attempted to jump through a glass window, and broke the glass, but did not successfully jump through the window, (6) that DEA agent Cox had to come to the aid of DEA agent Jenkins because Defendant "had flipped agent Jenkins over on his back onto the sofa and [Defendant] was on top of [agent Jenkins]," *See* November 9, 1994 Magistrate Hearing Transcript ("Transcript") at 12 (7) that Defendant continued to struggle with DEA agents Cox and Jenkins during the arrest, (8) that Defendant kicked out the remaining pieces of the glass window and attempted to escape, (9) that while DEA agents Jenkins and Cox attempted to subdue him, Defendant shouted "You are going to have to kill me, bitch. I ain't sold no drugs, I ain't going to jail. You are going to have to kill me," *See* Transcript at 13, (10) that DEA agent Cox had his arm around Defendant's neck and his gun to Defendant's head and told Defendant "Freeze or I'll blow your brains out," yet Defendant continued to effect his escape, *See* Transcript at 13, (11) that Defendant grabbed a piece of broken glass and tried to slash DEA agents Jenkins and Cox, (12) that DEA agent Cox hit Defendant with his fist in the groin and hit Defendant in the head with DEA agent Cox's gun, yet Defendant continued to struggle, and (13) that Defendant eventually escaped through the broken window, and was arrested outside by other DEA agents.

The Pre–Trial Services ("PTS") report also reflects that Defendant has been arrested on twenty (20) different offenses. Most of the offenses for which Defendant has been arrested were non-violent property offenses.

However, on June 9, 1993, Defendant was arrested for Simple Battery, but was apparently never prosecuted. While, many of the offenses for which Defendant was arrested were not prosecuted, Defendant was convicted in Fulton County, Georgia on November 8, 1993, and sentenced to five (5) years of probation. Thus, from the record presented, it appears that Defendant was on probation at the time of the federal offense currently before this Court.

In seeking to rebut the statutory presumption against Defendant's release, Defendant showed the Court, among other things: (1) that Defendant has family in the greater Atlanta area, (2) that Defendant stays at his brother's house at times, however Pre–Trial Services was unable to confirm Defendant's permanent residence, (3) that Defendant is married with three children, but is currently separated from his wife, (4) that Defendant claims ownership of a construction company in the Atlanta area, but Pre–Trial Services was unable to confirm Defendant's ownership, (5) that Defendant's brother stated that Defendant has worked in construction the majority of his life, (6) that Defendant, Defendant's mother, and Defendant's mother all state that they have property that they are willing to use as collateral for Defendant's bond, and (7) that Defendant has many arrests for state offenses but always has appeared in Court.

At the November 18, 1994 hearing, defense counsel directed the Court's attention to several of Defendant's relatives who were present in support of Defendant. Defendant also entered into evidence a petition signed by people who seek Defendant's release on bond. However, there are no accompanying notes or references on who any of these people are, or how well they know Defendant, and many of the signatures are in the same handwriting.

 This Court first notes that its duty is to review *de novo* all of the evidence put forth in the November 9, 1994 hearing before the Magistrate Judge and the November 18, 1994 hearing before this Court. *See United States v. King,* 849 F.2d 485, 489–90. After reviewing all of the evidence, this Court finds

that the Defendant does not overcome the statutory presumption of 18 U.S.C. § 3142(e)—that no condition or a combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. The Court finds that the Defendant poses a serious risk of non-appearance at his trial date and safety to the community.

■ However, this Court also has considered the argument and evidence of the government and the argument and evidence of the Defendant. Even, assuming *arguendo,* that the statutory presumption was rebutted, the Court further finds that the government carried its burden of showing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. *See United States v. Quartermaine,* 913 F.2d 910, 917 (11th Cir.1990) (government's burden of proof to show risk of flight is preponderance of the evidence). In carrying its burden, the government directed the court's attention to, *inter alia,* Defendant's attempts to escape during his arrest, Defendant's attempts to stab DEA agents Jenkins and Cox during the arrest, the large amount of cocaine involved in the arrest of Defendant, the potential for a long prison sentence in the federal system because of the offense with which Defendant is charged, Defendant's long offense record, and Defendant's current probationary status at the time of the arrest.

■ This Court also finds that the government has shown by clear and convincing evidence that the Defendant poses a serious risk of danger to the community. *See United States v. King,* 849 F.2d 485, 488 (11th Cir.1988) (government's burden of proof on dangerousness is clear and convincing evidence). The Defendant is charged with conspiracy to possess with intent to distribute one (1) kilogram of cocaine, which carries the same sentence as the underlying substantive offense. *See* 21 U.S.C. § 846. Defendant also demonstrated a propensity for violence when confronted with the prospect of arrest for a federal drug crime. Defendant fought with the arresting officers and attempted to harm the DEA agents by slashing at them

with broken glass. Defendant also demonstrated the lengths to which he would go to remain free by screaming "You are going to have to kill me, bitch. I ain't sold no drugs, I ain't going to jail. You are going to have to kill me." *See* Transcript 13. Finally, the Court observes that even if the statutory presumption was rebutted by the Defendant, it does not disappear, but rather remains as "an evidentiary finding militating against release." *See Quartermaine,* 913 F.2d at 916.

Subsection (g) of the statute lists several factors which the Court must weigh in deciding whether it is appropriate to order a defendant's detention. These factors include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

(4) the nature and seriousness of the danger to any person or the community that would be pose by the person's release.

18 U.S.C. § 3142(g). The Court has considered subsection (g) and independently examined all of the evidence presented by both the government and the Defendant.

Defendant is charged with a crime involving a narcotic drug. *See* 18 U.S.C. § 3142(g)(1). Defendant was present at the scene where a large quantity of cocaine was seized, and testimony from DEA agents allege that Defendant was the individual who brought the cocaine to the site of the sale.

*See* 18 U.S.C. § 3142(2). When the DEA agents first entered the room where the sale was occurring, DEA agents allege that Defendant was seated on the couch next to Burgess who was counting the money for the cocaine and the cocaine was on the table next to Defendant and Burgess. Defendant was apparently on probation for his November 8, 1993 State of Georgia conviction, when he allegedly committed this offense. *See* 18 U.S.C. § 3142(g)(3)(B).

Defendant also has an extensive criminal record. *See* 18 U.S.C. § 3142(g)(3)(A). Defendant contends that despite his long criminal record, Defendant faithfully has shown up for court dates. However, it appears from Defendant's arrest record that the current charge is the first time that Defendant has been in the federal system on a drug offense, and thus, subjected to the penalties of the Sentencing Guidelines, and absence of any parole. Defendant also argues that the crimes for which he has been arrested are qualitatively different from this offense. Specifically, Defendant contends that his past record of property crimes is not indicative of any future propensity for other drug or violent crimes if released on bond. However, the Court does not agree. The Eleventh Circuit expressly has rejected the need for a strict nexus between the offense for which bond is being sought and the factors considered by the Court. *See United States v. Quartermaine,* 913 F.2d 910, 917 (11th Cir. 1990). In *Quartermaine,* the Eleventh Circuit found that the district court may properly consider a factor unrelated to the offense for which bond is sought, provided the factor is listed in 18 U.S.C. § 3142(g). *See Id.* at 917. Further, Section 3142(g) lists a defendant's criminal history as a relevant consideration, and here the Court considers Defendant's past criminal history in its analysis. Defendant argues that it is improper for the Court to consider his past criminal history unless it suggest a tendency towards future offenses of the same variety for which he is currently charged.[1] However, the Court

does not find that restriction on the Court's consideration of Defendant's criminal history in the language of the statute or the case law of the Eleventh Circuit. 18 U.S.C. § 3142(g). *See Quartermaine,* 913 F.2d at 917.

Nonetheless, the Court does not need to decide the proper role of Defendant's criminal history in this case. Rather, the Court considers Defendant's criminal history narrowly under 18 U.S.C. § 3142(g)(3)(A), and finds that Defendant's criminal history merely adds to the weight of the factors, considered above by the Court, militating against release pending trial. *See* 18 U.S.C. § 3142(g).

Based upon its above analysis and consideration of all of the factors listed in Section 3142(g), the Court finds by a preponderance of the evidence that the Defendant poses a serious risk of flight and that by clear and convincing evidence the Defendant poses a serious risk of danger to the community. Upon *de novo* review the Court finds that there is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed and that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required and the safety of the community.

Therefore, this Court **ORDERS** the detention of Defendant Charles Niles, pending his trial date.

SO ORDERED.

---

1. Defendant directs the Court to the First Circuit case, *United States v. Ploof,* 851 F.2d 7 (1st Cir.1988). However, *Ploof* was concerned with a district court's ability to hold a detention hearing under 18 U.S.C. § 3142(f)(2). This case is properly before the Court on 18 U.S.C. § 3142(f)(1)(C), and the statutory definition of Section 3142(f)(2), addressed in *Ploof,* are not at issue in this case, which involves Section 3142(f)(1).