[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1682

UNITED STATES,

Appellee,

v.

EDWIN JONES, a/k/a FAST EDDY,

Defendant, Appellant .

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Jonathan Shapiro and Stern, Shapiro, Weissberg & Garin on
brief for appellant.
Donald K. Stern, United States Attorney, Emily R. Schulman and
Alex Whiting, Assistant U.S. Attorneys, on brief for appellee.

August 9, 1999

Per Curiam. Edwin Jones appeals from a district
court order affirming the magistrate-judge's order of pretrial
detention. He also appeals from the district court's failure
to order his release from pretrial detention under 18 U.S.C. 
3145(b) (requiring prompt review of detention orders) and 
3164 (Speedy Trial Act provisions for pretrial detainees). 
Jones also argues (for the first time on appeal) that his
continued pretrial detention violates due process.
Jones was indicted, together with six other
defendants, on charges of conspiring to possess cocaine base
with intent to distribute, in violation of 21 U.S.C. 
841(a)(1) and 846; possessing with intent to distribute cocaine
base, in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2;
and money laundering, in violation of 18 U.S.C. 
1956(a)(1)(B)(i) and 2. A superseding indictment was returned
in this case on June 23, 1999, adding the following two charges
against Jones: leading a continuing criminal enterprise that
engaged in the distribution of cocaine base, in violation of 21
U.S.C. 848; and being a felon in possession of a firearm and
ammunition, in violation of 18 U.S.C. 922(g).
The government moved to detain Jones under 18 U.S.C.
3142(f). A magistrate judge held a hearing on June 4, 1998, 
to consider the detention of Jones and three co-defendants
(Jason Gendron, Saul Pereira and Armando Velez). The evidence
presented at the hearing consisted of testimony and an
affidavit of Terrence O'Connell, a sergeant with the Sandwich,
Massachusetts, Police Department. O'Connell based his
testimony and affidavit on his participation in the
investigation of a drug trafficking and money laundering
organization allegedly run by Jones. He also relied upon
information provided by other law enforcement officers,
unidentified cooperating witnesses who assisted in the
investigation, and confidential informants used to make
controlled drug purchases from some of Jones' co-defendants. 
Also submitted into evidence was a photograph of weapons seized
from Gendron's home on the date of the arrest of Jones and his
co-defendants. The defendants did not call any witnesses. 
Jones' attorney argued, however, that his strong family ties
and limited resources, among other factors, weighed against
granting the government's motion for pretrial detention.
The magistrate-judge issued a detailed Memorandum and
Order dated June 17, 1998, granting the government's motion for
pretrial detention as to Jones and Gendron. The court found
that there was no condition or combination of conditions of
release which would assure 1) Jones' appearance at trial, 2)
the safety of any person or the community, or 3) that Jones
would refrain from obstructing justice. Jones, who was
represented by retained counsel at the time, filed a pro se
motion for review of the detention order on September 10, 1998,
claiming violation of the Speedy Trial Act. 
A hearing on Jones' motion for review of the
detention order was eventually held on April 20, 1999, before 
Judge Young. The events that transpired between the filing of
the motion on September 10, 1998, and the hearing on April 20,
1999, are fully and accurately set forth in Judge Young's
Revised Memorandum, dated June 4, 1999, and we will not
duplicate his efforts here. At the hearing, the district court
heard arguments by the parties' attorneys but denied the
government's request to submit new evidence. The district
court affirmed Jones' pretrial detention in an order dated May
6, 1999. It adopted the findings of the magistrate-judge in
declining to revoke or amend the detention order. The district
court rejected Jones' argument that he was entitled to release
under 18 U.S.C. 3145(b) and granted no relief on the basis of
Jones' Speedy Trial Act claim.
I. Review of Detention Order
The standard of review for pretrial detention orders
under 18 U.S.C. 3145(c) is one of independent review, with
"deference to the determination of the district court." United
States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990). 
"Recognizing that appellate courts are ill-equipped to resolve
factbound disputes, this standard cedes particular respect, as
a practical matter, to the lower court's factual
determinations." United States v. Tortora, 922 F.2d 880, 882-83
(1st Cir. 1990).
The indictment in this case establishes probable
cause to believe that Jones committed an offense that triggers
the rebuttable presumption in favor of detention contained in
18 U.S.C. 3142(e). See United States v. Dillon, 938 F.2d
1412, 1416 (1st Cir. 1991). The burden of persuasion remains
on the government, however, where, as here and in most cases,
the defendant comes forward with "some" contrary evidence. See
id. Withal, the presumption retains evidentiary weight. 
Accordingly, the magistrate-judge in this case properly weighed
the presumption in favor of pretrial detention as one of the
factors to be considered along with those set forth in 
3142(g).
Having thoroughly reviewed the record, including the
transcript of the detention hearing before the magistrate-
judge, and having carefully considered all of the factors
listed in 3142(g) as they apply to this case, we conclude
that the government met its burden of establishing that "no
condition or combination of conditions will reasonably assure
the appearance of the person as required and the safety of any
other person and the community." 3142(e). We reach this
decision for essentially the same reasons stated in the
magistrate-judge's detailed Memorandum and Order, dated June
17, 1998. We add, however, the following comments in response
to some of the specific points Jones has raised on appeal.
A. Risk of Flight
Jones argues that, contrary to the congressional
paradigm underlying the 3142(e) presumption, the drug
organization that he is alleged to have led does not appear to
be "highly lucrative." United States v. Jessup, 757 F.2d 378,
386 (1st Cir. 1985). However, both the original and superseding
indictments in this case seek, inter alia, forfeiture of
$365,000 and eight motorcycles and automobiles. Those charges,
together with the large number of defendants in this case,
suggest a financial base that is not inconsistent with the type
of organization with which Congress was concerned. The
magistrate-judge's findings on Jones' use of aliases also
support the risk of flight determination. 
Jones argues that his pretrial release on federal
charges in 1988, without incident, indicates that he does not
pose a risk of flight in this case. The penal consequences of
that offense (for which he claims to have been sentenced to two
years' imprisonment) were not nearly as severe as the possible
lengthy sentence presently facing Jones. Therefore, the
incentive to flee is that much greater, and Jones' past
compliance with pretrial release conditions is not
determinative here.
B. Dangerousness
The 3142(e) presumption continues to weigh in favor
of a finding of danger to the community, even though Jones'
attorney argued at the hearing that his record included no
convictions for violent offenses. The magistrate-judge found
that Jones' prior record included convictions for possession of
Class B and Class D controlled substances, making false
statements to obtain firearms, and threatening to commit
murder. Jones' argument that all of his alleged co-
conspirators have been arrested and therefor he could not
continue to deal drugs does not sway us. We note that,
according to the O'Connell affidavit, two of the co-defendants
were on pretrial release for other charges when they engaged in
some of the drug transactions detailed in the affidavit.
C. Obstruction of Justice
The magistrate-judges' findings support the
conclusion that there is "clear and convincing evidence" that
this case involves a serious risk that Jones will attempt to
obstruct justice. See 18 U.S.C. 3142(f)(2)(B). The
magistrate-judge found that Jones had a prior conviction for
threatening to commit murder. O'Connell's affidavit related at
least four threats of violence by Jones, some of which were
allegedly made to discourage co-defendants from speaking to
law-enforcement authorities about the activities underlying the
present charges. 
Jones' objection to the court's reliance on
statements of "unidentified informants about whom there is no
way to determine reliability" is misplaced in the context of a
bail hearing. See United States v. Acevedo-Ramos, 755 F.2d
203, 207-09 (1st Cir. 1985). Even if the threat allegedly 
recounted by Gendron is ignored (as Jones argues it should be
in light of Gendron's affidavit), the evidence was sufficient
for "the district court to conclude from defendant's past
behavior that there is a serious risk that defendant, if
released, will attempt to injure or intimidate prospective
witnesses." United States v. Ploof, 851 F.2d 7, 11 (1st Cir.
1988).
For the above reasons, as well as the reasons stated
in the Memorandum and Order of the magistrate-judge, we affirm
the district court's order of pretrial detention with respect
to Jones. 
II. Prompt Review, 3145(b)
A motion for district court review of a magistrate-
judge's order of pretrial detention "shall be determined
promptly." 18 U.S.C. 3145(b). Jones argues that the district
court's failure to abide by this timeliness requirement
mandates his release. The Bail Reform Act of 1984 "is silent
on the issue of a remedy for its time limits. Neither the
timing requirements nor any other part of the Act can be read
to require or even suggest, that a timing error must result in
release of a person who should otherwise be detained." United
States v. Montalvo-Murillo, 495 U.S. 711, 716 (1990). Although
Montalvo-Murillo dealt with the requirement for a prompt
initial hearing under 3142(f), the case for mandating release
for violation of the prompt review provision of 3145(b) is
less compelling than where the defendant has not yet received
even an initial hearing and decision by a judicial officer. 
The district court did not err in denying Jones' request for
release under 3145(b).

III. Speedy Trial Act, 3164
Under 18 U.S.C. 3164, the trial of a person being
detained solely because he is awaiting trial "shall commence
not later than ninety days following the beginning of such
continuous detention . . . . The periods of delay enumerated in
section 3161(h) are excluded in computing the time limitation
specified in this section." 3164(b). Failure to begin trial
within the ninety-day period "through no fault of the accused
or his counsel" triggers automatic review by the court of the
conditions of release. 3164(c). A pretrial detainee shall
not be held in custody beyond the ninety-day period. Id.
Jones' pretrial detention commenced on June 17, 1998. 
Therefore, if there were no applicable exclusions under 
3164(h), Jones would have been entitled to release pending
trial as of mid-September 1998. The district court granted a
continuance "in the interest of justice," excluding the time
from March 10, 1999 (status conference before Judge Young) to
November 1, 1999 (scheduled trial date). At the April 20, 1999
hearing before Judge Young, Jones' attorney explained that his
argument was that the ninety-day period had expired by March
10, 1999. Jones concedes that the period between the filing of
motions by Jones on June 23, 1998 and their dipsosition on
September 3, 1998, is exludable under 3161(h)(1)(F). 
The government argues that exclusions under 
3161(h)(1)(F) (time during which pretrial motions are pending)
and (h)(7) (reasonable period of delay when defendant is joined
together with co-defendant as to whom time for trial has not
yet run) reduce the relevant time lapse for the purposes of 
3164 to less than ninety days. "A pretrial motion resulting in
excludable time for one defendant also stops the clock for all
codefendants." United States v. Torres Lopez, 851 F.2d 520, 526
(1st Cir. 1988). Application of that principle in this case,
where the docket sheet lists numerous pretrial motions by the
defendants, defeats Jones' Speedy Trial Act claim. 
Jones does not dispute that pendency of the co-
defendants' motions if they stopped the clock for Jones 
would reduce the relevant time lapse to less than ninety days. 
Instead, relying on United States v. Theron, 782 F.2d 1510
(10th Cir. 1986), Jones argues that in the circumstances of the
present case, the time during which co-defendants' motions were
pending should not be excluded. Jones' reliance on Theron is
misplaced. Jones has not requested a severence. Nor did he
accept the district court's offer (at the April 20, 1999
hearing) to sever the case and try it in May, 1999. Instead,
Jones' attorney indicated that he would need more time to
prepare because he had only recently been appointed. 
Therefore, even if this court were prepared to adopt the
holding in Theron (a point that we need not decide), its
application would not dictate Jones' release under 3164 in
this case. The district court did not err in not releasing
Jones under the Speedy Trial Act.

IV. Due Process
Jones argues on appeal that his pretrial detention
for thirteen months violates his due process rights. It
appears that Jones did not assert this claim in district court. 
Therefore, we will not consider the claim for the first time on
appeal. See United States v. Perez-Franco, 839 F.2d 867, 871
(1st Cir. 1988). 
The orders appealed from are affirmed.