USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1682

 UNITED STATES,

 Appellee,

 v.

 EDWIN JONES, a/k/a FAST EDDY,

 Defendant, Appellant .

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 
 
 
 
 Jonathan Shapiro and Stern, Shapiro, Weissberg & Garin on
brief for appellant.
 Donald K. Stern, United States Attorney, Emily R. Schulman and
Alex Whiting, Assistant U.S. Attorneys, on brief for appellee.

August 9, 1999

 
 
 Per Curiam. Edwin Jones appeals from a district
 court order affirming the magistrate-judge's order of pretrial
 detention. He also appeals from the district court's failure
 to order his release from pretrial detention under 18 U.S.C. 
 3145(b) (requiring prompt review of detention orders) and 
 3164 (Speedy Trial Act provisions for pretrial detainees). 
 Jones also argues (for the first time on appeal) that his
 continued pretrial detention violates due process.
 Jones was indicted, together with six other
 defendants, on charges of conspiring to possess cocaine base
 with intent to distribute, in violation of 21 U.S.C. 
 841(a)(1) and 846; possessing with intent to distribute cocaine
 base, in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2;
 and money laundering, in violation of 18 U.S.C. 
 1956(a)(1)(B)(i) and 2. A superseding indictment was returned
 in this case on June 23, 1999, adding the following two charges
 against Jones: leading a continuing criminal enterprise that
 engaged in the distribution of cocaine base, in violation of 21
 U.S.C. 848; and being a felon in possession of a firearm and
 ammunition, in violation of 18 U.S.C. 922(g).
 The government moved to detain Jones under 18 U.S.C.
 3142(f). A magistrate judge held a hearing on June 4, 1998, 
 to consider the detention of Jones and three co-defendants
 (Jason Gendron, Saul Pereira and Armando Velez). The evidence
 presented at the hearing consisted of testimony and an
 affidavit of Terrence O'Connell, a sergeant with the Sandwich,
 Massachusetts, Police Department. O'Connell based his
 testimony and affidavit on his participation in the
 investigation of a drug trafficking and money laundering
 organization allegedly run by Jones. He also relied upon
 information provided by other law enforcement officers,
 unidentified cooperating witnesses who assisted in the
 investigation, and confidential informants used to make
 controlled drug purchases from some of Jones' co-defendants. 
 Also submitted into evidence was a photograph of weapons seized
 from Gendron's home on the date of the arrest of Jones and his
 co-defendants. The defendants did not call any witnesses. 
 Jones' attorney argued, however, that his strong family ties
 and limited resources, among other factors, weighed against
 granting the government's motion for pretrial detention.
 The magistrate-judge issued a detailed Memorandum and
 Order dated June 17, 1998, granting the government's motion for
 pretrial detention as to Jones and Gendron. The court found
 that there was no condition or combination of conditions of
 release which would assure 1) Jones' appearance at trial, 2)
 the safety of any person or the community, or 3) that Jones
 would refrain from obstructing justice. Jones, who was
 represented by retained counsel at the time, filed a pro se
 motion for review of the detention order on September 10, 1998,
 claiming violation of the Speedy Trial Act. 
 A hearing on Jones' motion for review of the
 detention order was eventually held on April 20, 1999, before 
 Judge Young. The events that transpired between the filing of
 the motion on September 10, 1998, and the hearing on April 20,
 1999, are fully and accurately set forth in Judge Young's
 Revised Memorandum, dated June 4, 1999, and we will not
 duplicate his efforts here. At the hearing, the district court
 heard arguments by the parties' attorneys but denied the
 government's request to submit new evidence. The district
 court affirmed Jones' pretrial detention in an order dated May
 6, 1999. It adopted the findings of the magistrate-judge in
 declining to revoke or amend the detention order. The district
 court rejected Jones' argument that he was entitled to release
 under 18 U.S.C. 3145(b) and granted no relief on the basis of
 Jones' Speedy Trial Act claim.
 I. Review of Detention Order
 The standard of review for pretrial detention orders
 under 18 U.S.C. 3145(c) is one of independent review, with
 "deference to the determination of the district court." United
 States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990). 
 "Recognizing that appellate courts are ill-equipped to resolve
 factbound disputes, this standard cedes particular respect, as
 a practical matter, to the lower court's factual
 determinations." United States v. Tortora, 922 F.2d 880, 882-83
 (1st Cir. 1990).
 The indictment in this case establishes probable
 cause to believe that Jones committed an offense that triggers
 the rebuttable presumption in favor of detention contained in
 18 U.S.C. 3142(e). See United States v. Dillon, 938 F.2d
 1412, 1416 (1st Cir. 1991). The burden of persuasion remains
 on the government, however, where, as here and in most cases,
 the defendant comes forward with "some" contrary evidence. See
 id. Withal, the presumption retains evidentiary weight. 
 Accordingly, the magistrate-judge in this case properly weighed
 the presumption in favor of pretrial detention as one of the
 factors to be considered along with those set forth in 
 3142(g).
 Having thoroughly reviewed the record, including the
 transcript of the detention hearing before the magistrate-
 judge, and having carefully considered all of the factors
 listed in 3142(g) as they apply to this case, we conclude
 that the government met its burden of establishing that "no
 condition or combination of conditions will reasonably assure
 the appearance of the person as required and the safety of any
 other person and the community." 3142(e). We reach this
 decision for essentially the same reasons stated in the
 magistrate-judge's detailed Memorandum and Order, dated June
 17, 1998. We add, however, the following comments in response
 to some of the specific points Jones has raised on appeal.
 A. Risk of Flight
 Jones argues that, contrary to the congressional
 paradigm underlying the 3142(e) presumption, the drug
 organization that he is alleged to have led does not appear to
 be "highly lucrative." United States v. Jessup, 757 F.2d 378,
 386 (1st Cir. 1985). However, both the original and superseding
 indictments in this case seek, inter alia, forfeiture of
 $365,000 and eight motorcycles and automobiles. Those charges,
 together with the large number of defendants in this case,
 suggest a financial base that is not inconsistent with the type
 of organization with which Congress was concerned. The
 magistrate-judge's findings on Jones' use of aliases also
 support the risk of flight determination. 
 Jones argues that his pretrial release on federal
 charges in 1988, without incident, indicates that he does not
 pose a risk of flight in this case. The penal consequences of
 that offense (for which he claims to have been sentenced to two
 years' imprisonment) were not nearly as severe as the possible
 lengthy sentence presently facing Jones. Therefore, the
 incentive to flee is that much greater, and Jones' past
 compliance with pretrial release conditions is not
 determinative here.
 B. Dangerousness
 The 3142(e) presumption continues to weigh in favor
 of a finding of danger to the community, even though Jones'
 attorney argued at the hearing that his record included no
 convictions for violent offenses. The magistrate-judge found
 that Jones' prior record included convictions for possession of
 Class B and Class D controlled substances, making false
 statements to obtain firearms, and threatening to commit
 murder. Jones' argument that all of his alleged co-
 conspirators have been arrested and therefor he could not
 continue to deal drugs does not sway us. We note that,
 according to the O'Connell affidavit, two of the co-defendants
 were on pretrial release for other charges when they engaged in
 some of the drug transactions detailed in the affidavit.
 C. Obstruction of Justice
 The magistrate-judges' findings support the
 conclusion that there is "clear and convincing evidence" that
 this case involves a serious risk that Jones will attempt to
 obstruct justice. See 18 U.S.C. 3142(f)(2)(B). The
 magistrate-judge found that Jones had a prior conviction for
 threatening to commit murder. O'Connell's affidavit related at
 least four threats of violence by Jones, some of which were
 allegedly made to discourage co-defendants from speaking to
 law-enforcement authorities about the activities underlying the
 present charges. 
 Jones' objection to the court's reliance on
 statements of "unidentified informants about whom there is no
 way to determine reliability" is misplaced in the context of a
 bail hearing. See United States v. Acevedo-Ramos, 755 F.2d
 203, 207-09 (1st Cir. 1985). Even if the threat allegedly 
 recounted by Gendron is ignored (as Jones argues it should be
 in light of Gendron's affidavit), the evidence was sufficient
 for "the district court to conclude from defendant's past
 behavior that there is a serious risk that defendant, if
 released, will attempt to injure or intimidate prospective
 witnesses." United States v. Ploof, 851 F.2d 7, 11 (1st Cir.
 1988).
 For the above reasons, as well as the reasons stated
 in the Memorandum and Order of the magistrate-judge, we affirm
 the district court's order of pretrial detention with respect
 to Jones. 
 II. Prompt Review, 3145(b)
 A motion for district court review of a magistrate-
 judge's order of pretrial detention "shall be determined
 promptly." 18 U.S.C. 3145(b). Jones argues that the district
 court's failure to abide by this timeliness requirement
 mandates his release. The Bail Reform Act of 1984 "is silent
 on the issue of a remedy for its time limits. Neither the
 timing requirements nor any other part of the Act can be read
 to require or even suggest, that a timing error must result in
 release of a person who should otherwise be detained." United
 States v. Montalvo-Murillo, 495 U.S. 711, 716 (1990). Although
 Montalvo-Murillo dealt with the requirement for a prompt
 initial hearing under 3142(f), the case for mandating release
 for violation of the prompt review provision of 3145(b) is
 less compelling than where the defendant has not yet received
 even an initial hearing and decision by a judicial officer. 
 The district court did not err in denying Jones' request for
 release under 3145(b).
 
 
 III. Speedy Trial Act, 3164
 Under 18 U.S.C. 3164, the trial of a person being
 detained solely because he is awaiting trial "shall commence
 not later than ninety days following the beginning of such
 continuous detention . . . . The periods of delay enumerated in
 section 3161(h) are excluded in computing the time limitation
 specified in this section." 3164(b). Failure to begin trial
 within the ninety-day period "through no fault of the accused
 or his counsel" triggers automatic review by the court of the
 conditions of release. 3164(c). A pretrial detainee shall
 not be held in custody beyond the ninety-day period. Id.
 Jones' pretrial detention commenced on June 17, 1998. 
 Therefore, if there were no applicable exclusions under 
 3164(h), Jones would have been entitled to release pending
 trial as of mid-September 1998. The district court granted a
 continuance "in the interest of justice," excluding the time
 from March 10, 1999 (status conference before Judge Young) to
 November 1, 1999 (scheduled trial date). At the April 20, 1999
 hearing before Judge Young, Jones' attorney explained that his
 argument was that the ninety-day period had expired by March
 10, 1999. Jones concedes that the period between the filing of
 motions by Jones on June 23, 1998 and their dipsosition on
 September 3, 1998, is exludable under 3161(h)(1)(F). 
 The government argues that exclusions under 
 3161(h)(1)(F) (time during which pretrial motions are pending)
 and (h)(7) (reasonable period of delay when defendant is joined
 together with co-defendant as to whom time for trial has not
 yet run) reduce the relevant time lapse for the purposes of 
 3164 to less than ninety days. "A pretrial motion resulting in
 excludable time for one defendant also stops the clock for all
 codefendants." United States v. Torres Lopez, 851 F.2d 520, 526
 (1st Cir. 1988). Application of that principle in this case,
 where the docket sheet lists numerous pretrial motions by the
 defendants, defeats Jones' Speedy Trial Act claim. 
 Jones does not dispute that pendency of the co-
 defendants' motions if they stopped the clock for Jones 
 would reduce the relevant time lapse to less than ninety days. 
 Instead, relying on United States v. Theron, 782 F.2d 1510
 (10th Cir. 1986), Jones argues that in the circumstances of the
 present case, the time during which co-defendants' motions were
 pending should not be excluded. Jones' reliance on Theron is
 misplaced. Jones has not requested a severence. Nor did he
 accept the district court's offer (at the April 20, 1999
 hearing) to sever the case and try it in May, 1999. Instead,
 Jones' attorney indicated that he would need more time to
 prepare because he had only recently been appointed. 
 Therefore, even if this court were prepared to adopt the
 holding in Theron (a point that we need not decide), its
 application would not dictate Jones' release under 3164 in
 this case. The district court did not err in not releasing
 Jones under the Speedy Trial Act.
 
 IV. Due Process
 Jones argues on appeal that his pretrial detention
 for thirteen months violates his due process rights. It
 appears that Jones did not assert this claim in district court. 
 Therefore, we will not consider the claim for the first time on
 appeal. See United States v. Perez-Franco, 839 F.2d 867, 871
 (1st Cir. 1988). 
 The orders appealed from are affirmed.