**UNITED STATES of America,
Plaintiff,**

v.

**Paul M. LALONDE, Defendant.**

No. CR–1–02–168.

United States District Court,
S.D. Ohio,
Western Division.

Feb. 7, 2003.

Kathleen M. Brinkman, Cincinnati, OH, for plaintiff.

Hal Roger Arenstein, Cincinnati, OH, for defendant.

### Order

BECKWITH, District Judge.

This matter came before the Court on Defendant's motion for review and appeal of detention. He argues that, not being charged with a crime of the type listed in 18 U.S.C. § 3142(f)(1), he should not have been subjected to a detention hearing under any circumstances and that the Magistrate Judge erred by conducted a detention hearing in his case. In the alternative, he argues that, even if the Magistrate Judge properly held a detention hearing pursuant to 18 U.S.C. § 3142(f)(2), he was without authority to detain Defendant as a danger to the community, which was the basis cited in the detention order. Finally, he argues that, even if the Magistrate Judge had the authority to order Defendant detained, he erred by doing so.

Defendant's arguments are based upon the interpretations of 18 U.S.C. § 3142 by various federal courts, none of whose decisions is controlling in this case. Indeed, the United States Court of Appeals for the Sixth Circuit has not opined directly upon the issues raised by Defendant, and the United States Supreme Court's decision is *United States v. Montalvo–Murillo*, 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990), which is cited by Defendant, is silent with respect to those issues. The courts that have addressed the legal issues Defendant raises have done so after closely examining the language of the statute in light of the pertinent legislative history, and this Court does the same.

Subsections (a),(b), and (c) of § 3142 prescribe the conditions under which a defendant may be released pending trial;

subsections (e), (f), and (g) address pretrial detention. Pursuant to subsection (f), a detention hearing is not routine. The judicial officer holds such a hearing upon a motion by the attorney for the United States in cases involving certain categories of offenses, none of which applies in this case. *See* § 3142(f)(1). The judicial officer also holds a detention hearing, upon motion of the attorney for the United States or upon his own motion, in cases involving a serious risk that the defendant will flee or that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate a prospective juror or witness or attempt to do so. *See* § 3142(f)(2).

Defendant argues, in this case, that the Magistrate Judge erred by holding a detention hearing because none of the conditions precedent to such a hearing, as those conditions are set forth in § 3142(f), was present. The attorney for the United States moved for a detention hearing at the time of Defendant's initial appearance and arraignment but did not identify any condition under § 3142(f) as a basis for holding the hearing. The Magistrate Judge ordered that the hearing be scheduled on the motion by the Assistant United States Attorney without identifying the predicate for the hearing. He erred, therefore, by conducting the detention hearing rather than simply ordering Defendant released under subsection (b) or setting conditions of release under subsection (c) of 18 U.S.C. § 3142. Had the United States continued to believe that detention was appropriate, it could then have moved for a detention hearing on one of the bases identified in subsection (f).

The Magistrate Judge, having conducted the detention hearing, ordered Defendant detained on the basis, solely, of a serious

risk that the defendant would endanger the safety of another person or the community. In his statement of reasons, the Magistrate Judge stated that he was convinced by Defendant's multiple convictions for crimes involving dishonesty that he posed a serious risk of danger to another person or the community. He did not cite any of the conditions identified in 18 U.S.C. § 3142(f) as a basis for ordering that defendant be detained pending trial. Defendant argues that he cannot legally be detained solely on the basis of a finding that he poses a risk of danger to another person or to the community.

■ Subsection (e) of § 3142 authorizes detention only after a hearing pursuant to the provisions of subsection (f). Various circuit courts of appeals have concluded that detention under subsection (e) is permissible only if one of the conditions identified in subsection (f) is determined to be present. *See United States v. Byrd,* 969 F.2d 106, 109 (5th Cir.1992); *United States v. Ploof,* 851 F.2d 7, 11 (1st Cir.1988); *United States v. Himler,* 797 F.2d 156, 159 (3rd Cir.1986). That conclusion, while not ineluctable in light of the unfortunate lack of clarity in the statute, finds convincing support in the legislative history of the statute and, in particular, in the following statement:

> the requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial.

S.Rep. No. 225, 98th Cong., 1st Sess. 20, U.S.Code Cong. & Admin.News 1984, p. 3203. To the extent that the statute fails to be explicit in limiting detention to the cases identified in § 3142(f), the legislative history makes clear that Congress intended for the statute to do so. The Court resolves any latent ambiguity or uncertainty in the language of the statute in favor of the meaning Congress plainly intended.

■ The Magistrate Judge did not find that one of the conditions identified in 18 U.S.C. § 3142(f) was present in this case. His inquiry into the appropriateness of detention should have ended there. It did not, and he ordered Defendant detained as a danger to another person or the community, apparently pursuant to language in subsection (e) addressing the appropriate circumstances for detention. Because the statute does not permit the detention of a defendant who does not satisfy any of the conditions of § 3142(f), regardless of his dangerousness to the community or to specific others, the Magistrate Judge erred by ordering Defendant detained in this case. *See Ploof,* 851 F.2d at 11; *Himler,* 797 F.2d at 160.

The Court is persuaded that neither of the conditions identified in 18 U.S.C. § 3142(f)(2) is present in this case and that detention is not permissible under the statute. The United States has argued that Defendant poses a serious risk of flight, but the Court finds the evidence presented by the government unpersuasive. Defendant has not seized upon previous opportunities to flee to avoid prosecution or incarceration, and the opportunities have been many. The fact that the potential penalty may be much more severe in this case than in previous cases does not persuade the Court that Defendant poses such a serious flight risk that only detention will reasonably assure his appearance at trial.

■ The United States has also argued that Defendant poses a serious risk of intimidating witnesses because he has contacted witnesses in past prosecutions and asked them to assist him in defending himself. Defendant has also, in a previous prosecution, enlisted the services of a private investigator in order to learn the identities of potential witnesses against him. Neither of those facts persuades the

Court that detention is required. In short, the Court is not persuaded that Defendant may be detained, although the Court agrees with the Magistrate Judge's assessment of the risk of danger to the community posed by Defendant in light of his history of recidivism and failure to restrain his desire for relieving innocent victims of their funds in spite of close government scrutiny of his actions.

For those reasons, the detention order issued by the Magistrate Judge on January 22, 2003 is hereby **VACATED**. This matter is **REMANDED** to the Magistrate Judge for pretrial release in accordance with 18 U.S.C. § 3142(b) and, if appropriate, (c).

**IT IS SO ORDERED.**