Ramon **FELICIANO** et al., Plaintiffs, Appellants,

v.

**UNITED STATES** of America et al., Defendants, Appellees.

No. 7388.

United States Court of Appeals, First Circuit.

March 11, 1970.

Juan R. Torruella, Hato Rey, P.R., with whom Jose A. Suro and Alberto Pico, San Juan, P.R., were on brief, for appellants.

Kevin T. Maroney, Atty., Dept. of Justice, with whom J. Walter Yeagley, Asst. Atty. Gen., and Walter A. Oleniewski, Atty., Dept. of Justice, were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## PER CURIAM.

For the reasons stated in the thoughtful opinion of the district court, 297 F. Supp. 1356 (D.P.R. 1969), we affirm the court's determination that the present use of the Culebra Island Naval Defensive Sea Area is within the Congressional authorization and the discretion of the President, and that such use does not constitute a taking of plaintiff's property or freedom of movement without due process of law, the only issues raised by this appeal. We would add only a brief comment regarding the two arguments stressed on appeal.

First, appellant places great emphasis on a letter by the Secretary of the Navy to the Senate Committee on Naval Affairs expressing the need for presidential power to create defensive sea areas "in time of actual or threatened war". S.Rep. No. 940, 64th Cong., 2d Sess. (1917). Appellant concludes from this single instance of pertinent legislative history that the President's power must be exercised in compliance with the standard expressed in the letter. However, it seems clear that Congress chose to confer a broader power on the President, who was empowered to create defensive sea areas when they were "necessary in his discretion for purposes of national defense." 18 U.S.C. § 96, recodified as 18 U.S.C. § 2152. Such statutory standard was satisfied here.

Secondly, concerning the alleged taking or improper restriction of plaintiff's right of travel, we note that such right may be inhibited, depending on "the extent of the governmental restriction imposed" and the "extent of the necessity for the restriction". Zemel v. Rusk, 381 U.S. 1, 14, 85 S.Ct. 1271, 1279, 14 L.Ed.2d 179 (1965). Here there exist reasonable and frequent means of access to other islands, and the restrictions which do exist are reasonably necessary and—at least as presently administered—limited to such necessity.

Affirmed.