430 F.Supp. 422 (1977)
Jose Antonio SANTIN RAMOS, etc., Plaintiffs,
v.
U. S. CIVIL SERVICE COMMISSION, etc., et al., Defendants.
Jose Joaquin CABRERA GOMEZ, Plaintiff,
v.
Hon. Earl L. BUTZ, Secretary of Agriculture of the U. S. Government, Defendant.
Civ. Nos. 63-73 and 326-73.
United States District Court, D. Puerto Rico.
February 16, 1977.
*423 Santos P. Amadeo, Rio Piedras, P. R., for plaintiffs.
Juan M. Perez-Gimenez, U. S. Atty., San Juan, P. R., for defendants.
Before CAMPBELL, Circuit Judge, TOLEDO, Chief District Judge, and PESQUERA, District Judge.

ORDER
TOLEDO, Chief Judge.
In Civil Case No. 63-73, Santin Ramos v. U. S. Civil Service Commission, this Court held unconstitutional a Civil Service Commission's regulation, Title 5, Code of Federal Regulations, Section 338.101, which excludes aliens from admission to competitive civil service exams. The Treasury, Postal Service and General Government Appropriation Act of 1973, P.L. 92-351, 86 Stat. 471, which provided for the payment of salaries only to citizens was also declared void in that case. In the consolidated case of Cabrera Gomez v. Secretary of Agriculture, Civil No. 326-73, Title 7, United States Code, Section 1961, limiting agricultural disaster loan relief to citizens and F.H.A. Instruction 441.2, listing requirements for disaster loan applicants, were also held unconstitutional under the Fifth Amendment to the Federal Constitution because of impermissible discrimination against aliens. See Santin Ramos v. U. S. Civil Service Comm., 376 F.Supp. 361 (D.P.R., 1974). Thereafter, the Civil Service Commission appealed this decision to the Supreme Court.

I. SANTIN RAMOS

In Hampton v. Mow Sun Wong, 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976), the Supreme Court held unconstitutional as violative of the due process clause of the Fifth Amendment, Section 338.101(a) of the Civil Service Commission's Regulation, Title 5, C.F.R. 338.101(a), which excluded all persons except American citizens and natives of Samoa from employment in most positions in the competitive federal civil service. Accordingly, on June 7, 1976, the Supreme Court issued an order affirming the judgment of this Court in Santin Ramos in light of Hampton v. Mow Sun Wong, supra, insofar as we had declared that same Section to be invalid.
In Hampton v. Mow Sun Wong, supra, the Supreme Court stated:
"When the Federal Government asserts an overriding national interest as justification *424 for a discriminatory rule which would violate the Equal Protection Clause if adopted by a State, due process requires that there be a legitimate basis for presuming that the rule was actually intended to serve that interest. If the agency which promulgates the rule has direct responsibility for fostering or protecting that interest, it may reasonably be presumed that the asserted interest was the actual predicate for the rule. That presumption would, of course, be fortified by an appropriate statement of reasons identifying the relevant interest. Alternatively, if the rule were expressly mandated by the Congress or the President, we might presume that any interest which might rationally be served by the rule did in fact give rise to its adoption." (Id. at p. 103, 96 S.Ct. at p. 1905; emphasis added).
The predictable results from the underlined portion, above, were not late in coming. On September 2, 1976, the President issued Executive Order No. 11935, 41 Fed. Reg. 37301, which amends Civil Service Rule VII, Title 5, C.F.R., Part 7, by adding the following section:
"Section 7.4 Citizenship

(a) No person shall be admitted to competitive examination unless such person is a citizen or national of the United States.
(b) No person shall be given any appointment in the competitive service unless such person is a citizen or national of the United States.
(c) The Commission may, as an exception to this rule and to the extent permitted by law, authorize the appointment of aliens to positions in the competitive service when necessary to promote the efficiency of the service in specific cases or for temporary appointments."
It should be noted that Civil Service Rules are promulgated by Executive Orders of the President, while the Civil Service Regulations are issued by the Commission. Title 5, United States Code, Section 1302.
The abovementioned Executive Order can in no way alter our judgment of June 4, 1974 declaring invalid 5 C.F.R., Section 338.101 as then in effect. That declaratory judgment has been expressly affirmed by the Supreme Court. The Executive Order does, however, lead us to question that part of our judgment which permanently enjoined the Civil Service Commission from enforcing the challenged regulation. Executive Order No. 11935 amending the Civil Service Rules can be said to have breathed new life into the invalid regulation, or at least into the policies for which it stood, and under the language of Mow Sun Wong cited above, the President's Executive Order is both constitutional and entitled to legal effect. It follows that plaintiff Santin Ramos is not entitled to compete for a civil service position (unless he comes within one of the stated exceptions) notwithstanding the Supreme Court's affirmance of our previous decision in this case and its holding in Mow Sun Wong.
In Mow Sun Wong, supra, the five member majority of the Supreme Court placed strong emphasis on the fact that Congress and the President were the entities primarily endowed with the authority to regulate the entrance of aliens into the Nation. The fact that Section 338.101 was not a Congressionally envisioned measure nor a Presidential directive weighed heavily in the Mow Sun Wong Court. However, the opinion carefully foresaw and distinguished the event of a Presidential or Congressional mandate in this area:
"... We may assume with the petitioners that if the Congress or the President had expressly imposed the citizenship requirement, it would be justified by the national interest in providing an incentive for aliens to become naturalized, or possibly even as providing the President with an expendable token for treaty negotiating purposes; ... Consequently, before evaluating the sufficiency of the asserted justification for the rule, it is important to know whether we are reviewing a policy decision made by Congress and the President or a question of personnel administration determined by the Civil Service Commission." (Id., 426 U.S. at p. 105, 96 S.Ct. at p. 1906).
*425 An Executive Order, issued by the President under duly delegated Congressional authority, is part of the law of the United States with the same effects of a federal statute. Givens v. Zerbst, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475 (1920); Feliciano v. United States, 297 F.Supp. 1356 (DPR, 1969), aff'd, 422 F.2d 943 (1 C.A., 1970), cert. denied, 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970). We, therefore, hold that the injunction contained in our June 4, 1974 judgment has, in effect, been mooted; and to avoid any suggestion of conflict with the Executive Order, we shall order it stricken . . .

II. CABRERA GOMEZ

In its Order of June 7, 1976, the Supreme Court stated that the district court could reconsider its holding on the unconstitutionality of Title 7, United States Code, Section 1961 and F.H.A. Instruction 441.2, in light of Hampton v. Mow Sun Wong, supra, and Mathews v. Diaz, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), before entry of a final judgment in this case.
As we have just discussed, in Mow Sun Wong and Diaz, supra, the Supreme Court held that the federal power over immigration and naturalization is not governed by the "compelling interest" test applicable to state laws and regulations. Thus, we can only determine whether the contested statutory provisions are wholly devoid of "any interest which might rationally be served by the rule." 426 U.S. at 103, 96 S.Ct. at 1905.
In this inquiry the road has also been pre-mapped and defined by the Supreme Court. In Hampton v. Mow Sun Wong, supra, the Court intimated that if Congress or the President had expressly imposed the citizenship requirement a permissible interest would, in fact, be presumed. 426 U.S. at 103, 96 S.Ct. 1895.
In Mathews v. Diaz, supra, the Supreme Court sustained the constitutionality of a provision of the Medicare program, 42 U.S.C., Section 1395o(2), which conditions aliens' eligibility upon admission for permanent residence and five years residency in the United States. The Court recognized the reasonableness of the Court's decision to make an alien's eligibility for welfare benefits depend both on the character and duration of his residence. 426 U.S. at 83, 96 S.Ct. 1883.
In the present case defendant has argued that the regulation under attack actually acts to stabilize the Nation's farm economy and to strengthen the borrower's ties with his Government, and to encourage alien farmers to attain citizenship, which the Supreme Court in Mow Sun Wong stated to be a worthy justification of such a requirement.
We think that in the present case plaintiff has not "identified a principled basis for prescribing a different standard than the one selected by Congress." Mathews v. Diaz, 426 U.S. at 84, 96 S.Ct. at 1893. We cannot accept an invitation to substitute our judgment for that of Congress. Therefore, the instant action must be dismissed.

III. MOOTNESS

In its Order of June 7, 1976, the Supreme Court has directed this Court to vacate as moot that part of our judgment holding that Section 601 of the Treasury, Postal Service and General Government Appropriation Act of 1973, is unconstitutional, and we hereby do so.
Wherefore, in view of all of the above, so much of our judgment in Civil No. 63-73 declaring Section 601 of the Treasury, Postal Service and General Government Appropriation Act of 1973 unconstitutional, and so much thereof as permanently enjoins the Civil Service Commission, are hereby vacated as moot. In regard to Civil No. 326-73, it is ORDERED and ADJUDGED, that the same be dismissed. The Clerk shall enter judgment accordingly.
IT IS SO ORDERED.