**UNITED STATES of America, Plaintiff,**

v.

**Carlos ZENON, Defendant.**

**No. CR. 01–693(JAF).**

United States District Court, D. Puerto Rico.

Nov. 6, 2001.

Jorge E. Vega–Pacheco, Assistant U.S. Attorney Chief of Criminal Division U.S. Attorneys Office San Juan, P.R., for United States.

Fermín Arraiza Navas, San Juan, P.R., for defendant.

## ADDITIONAL FINDINGS FOR ORDER OF RELEASE

GELPI, United States Magistrate Judge.

On November 2, 2001, the Court ordered the pretrial release of co-defendant Carlos Zenon subject to the following specific conditions set pursuant to 18 U.S.C. § 3142(c)(B)(iv) and (vii). First, that he abide by a curfew from 6:00 p.m. to 7:00 a.m.. Second, that he be subject to house arrest commencing one day prior to military exercises resuming in the island of Vieques until the time the exercises come to an end. This second condition applies only if the defendant remains in Vieques during the duration of the military exercises. Defendant, thus, has the alternative of remaining in the main island of Puerto Rico during said military exercises without said restriction. Finally, the Court prohibited the defendant from boarding any vessel or aircraft, except for the Vieques ferry or a commercial airline. This latter condition, was imposed notwithstanding the fact that defendant stated at his detention hearing that he makes a living as a fisherman.

The defendant stands indicted for violating 18 U.S.C. § 1382. Specifically, the indictment alleges that on October 4, 2001, he trespassed Camp Garcia Naval Installation in Vieques, a danger zone as described by 33 C.F.R. § 334.1460.

The Court at the detention hearing was shown a video of defendant, along with his son, co-defendant, Yabureibo Zenon, entering the restricted military area aboard two vessels. Aboard each vessel was an unidentified masked individual, along with defendant Zenon and his son, respectively. The video also showed that both vessels, powered by engines, engaged in a zig-zagging hot pursuit with the Puerto Rico Police Department's maritime unit, when the Commonwealth police attempted to remove defendants from the restricted area. Further, the video also shows that a shot from a flare gun was fired as a Navy helicopter hovered over defendant's vessels.

In this case, the Court finds that the defendant's acts, while trespassing on naval property at a time military exercises were being carried out, constitute a "danger to the community", as defined by the Bail Reform Act, 18 U.S.C. § 3142. *The Court in this case is not faced with a mere peaceful trespass.* Here, there ex-

ists clear and convincing evidence suggesting exactly the opposite. First, the defendant engaged in his act of trespassing along with *masked* individuals. This suggests that said individuals do not want to be identified by the authorities. Second, a *flare gun was fired.* This created a serious danger, even taking for granted defendant's argument that the shot was not intended to hit the helicopter. Finally, engaging the Commonwealth authorities in a maritime hot pursuit also placed in danger the lives of the state police officers, as well as those of the defendants and their masked companions. The Court has also considered defendant's claim of necessity in stopping naval exercises in Vieques. Such allegation, however, cannot condone, defendant's act of endangering military, law enforcement and civilian lives, more so, when defendant's acts surpassed a mere peaceful trespass. *Cf. United States v. Maxwell*, 254 F.3d 21, 27–29 (1st Cir. 2001) (holding that existence of legal alternatives to violating law precludes necessity defense in Vieques trespassing case).

Based on the above findings, the Court understands that allowing defendant to continue using or traveling on a vessel poses a danger to the community. On such a vessel he entered restricted military property and endangered the lives of federal and state law enforcement officers, as well as those of persons who accompanied him.

Although the Court understands that pretrial detention in this case could very well be warranted, the Court nonetheless has afforded defendant the privilege of pretrial release, subject to those conditions which would reasonably assure the safety of the community, including those of the defendant and his companions.

WHEREFORE, based on the aforementioned grounds, the Court pursuant to 18 U.S.C. § 3142(c)(B)(iv) prohibits defendant from boarding any seafaring vessel as well

as any aircraft, except the Vieques ferry or a commercial aircraft, notwithstanding the fact that he is a fisherman. The defendant must also comply with all other conditions of release set by the Court on November 2, 2001.

**SO ORDERED.**