# United States Court of Appeals
## For the First Circuit

No. 00-2146

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

JALIL GAZIR SUED-JIMÉNEZ,
Defendant, Appellant.

No. 01-1254

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ELGA MARI CASTRO-RAMOS,
Defendant, Appellant.

No. 01-1256

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ELLIOT VICENTE CASTRO-TIRADO,
Defendant, Appellant.

No. 01-1469

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

JOSÉ LUIS ROMERO-BURGOS,
Defendant, Appellant.

No. 01-1471

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

CARLOS TAÍNO DÁVILA-REVERÓN,
Defendant, Appellant.

No. 01-1472

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

JUAN OSVALDO BUDET-MELÉNDEZ,

Defendant, Appellant.

No. 01-1473

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
EDWIN RIVERA,
Defendant, Appellant.

———————————————

No. 01-1474

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
JOSÉ PÉREZ-GONZÁLEZ,
Defendant, Appellant.

———————————————

No. 01-1475

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
NORMA RODRÍGUEZ-FERRÁN,
Defendant, Appellant.

———————————————

No. 01-1476

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
MIGUEL A. RIVERA-GONZÁLEZ,
Defendant, Appellant.

———————————————

No. 01-1477

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
TUBAL PADILLA-GALEANO,
Defendant, Appellant.

———————————————

No. 01-1478

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
RUFINO ECHEVARRÍA-RIVERA,
Defendant, Appellant.

———————————————

No. 01-1479

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

EFRAÍN FIGUEROA-BÁEZ,

Defendant, Appellant.

_____

No. 01-1480

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

ALFREDO J. COLÓN-MELÉNDEZ,

Defendant, Appellant.

_____

No. 01-1522

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

LILIANA GARCÍA-ARROYO,

Defendant, Appellant.

_____

No. 01-1523

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

ALICE AGOSTO-HERNÁNDEZ,

Defendant, Appellant.

_____

No. 01-1524

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

ROBERTO BARRETO-VALENTÍN,

Defendant, Appellant.

_____

No. 01-1525

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

ERIKA FONTÁNEZ-TORRES,

Defendant, Appellant.

_____

No. 01-1526

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

MARITZA GARCÍA-ARROYO,
Defendant, Appellant.

No. 01-1527

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
NÉSTOR CRUZ-CRESPO,
Defendant, Appellant.

No. 01-1528

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
JOSÉ MAYOL-SEPÚLVEDA,
Defendant, Appellant.

_____

No. 01-1529

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
ROBERTO A. GÁNDARA-BARNETT,
Defendant, Appellant.

_____

No. 01-1530

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
OMAR GÓMEZ-COUVERTIER,
Defendant, Appellant.

_____

No. 01-1531

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
JOSÉ E. FLORES-ARRIAGA,
Defendant, Appellant.

_____

No. 01-1532

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
RAMÓN DÍAZ-RIVERA,
Defendant, Appellant.

_____

No. 01-1533

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
UBALDO ROSARIO-NIEVES,
Defendant, Appellant.

_____

No. 01-1534

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ISRAEL TORRES-LLAURADOR,
Defendant, Appellant.

No. 01-1535

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

NORMA LUGO-MALDONADO,
Defendant, Appellant.

———————————————

No. 01-1954

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

BLANCA GARI-PÉREZ,
Defendant, Appellant.

———————————————

No. 01-1955

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

PEDRO JOSÉ MUÑIZ-GARCÍA,
Defendant, Appellant.

———————————————

No. 01-1956

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

NÉSTOR NAZARIO-TRABAL,
Defendant, Appellant.

———————————————

No. 01-1957

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

JULIO ORTEGA-MIRANDA,
Defendant, Appellant.

———————————————

No. 01-1958

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

REINAND ORTIZ-FELICIANO,
Defendant, Appellant.

———————————————

No. 01-1959

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ZORAIDA SANTIAGO-FELICIANO,
Defendant, Appellant.

_____

No. 01-1960

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

JOSÉ RIVERA-SANTANA,
Defendant, Appellant.

———————————

No. 01-1961

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ASUNCIÓN RODRÍGUEZ-CRESPO,
Defendant, Appellant.

———————————

No. 01-1962

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ERNESTO PEÑA-CARAMBOT,
Defendant, Appellant.

———————————

No. 01-1963

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ROSALINDA SOTO-TOLEDO,
Defendant, Appellant.

———————————

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]
[Hon. Juan M. Pérez-Giménez, U.S. District Judge]
[Hon. José Antonio Fusté, U.S. District Judge]
[Hon. Salvador E. Casellas, U.S. District Judge]
[Hon. Daniel R. Domínguez, U.S. District Judge]
[Hon. Jesús A. Castellanos, U.S. Magistrate Judge]
[Hon. Justo Arenas, U.S. Magistrate Judge]
[Hon. Aida M. Delgado-Colón, U.S. Magistrate Judge]

———————————

Before

Torruella, Circuit Judge,

-10-

Kravitch,[*] <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

---

<u>Fermín L. Arraiza-Navas</u>, with whom <u>Pedro J. Varela</u>, was on brief, for appellants.

<u>Guillermo J. Ramos-Luiña</u>, with whom <u>Rivera, Tulla & Ferrer</u>, was on brief, for appellant Alice Agosto-Hernández.

<u>Francis J. Bustamante</u>, Special Assistant U.S. Attorney, with whom <u>Guillermo Gil</u>, United States Attorney, <u>Jorge E. Vega-Pacheco</u>, Assistant U.S. Attorney, Chief, Criminal Division, <u>Anthony Chávez</u> and <u>Aaron W. Reiman</u>, Special Assistant U.S. Attorneys, were on briefs, for appellee.

---

December 19, 2001

---

---

[*] Of the Eleventh Circuit, sitting by designation.

**TORRUELLA, Circuit Judge.** Appellants raise various challenges to their convictions for trespassing that arose out of protests at a United States Naval installation in Vieques, Puerto Rico. Because we find these challenges unpersuasive, we affirm.

## Background

Appellants, whose cases have been consolidated for purposes of appeal, were arrested at various times between April and June of 2000 for trespassing onto Camp García, a United States Naval installation located on the island of Vieques, Puerto Rico. Pursuant to regulations promulgated by the Department of the Navy, Camp García is a "closed" base, meaning that the public may not enter without permission from the commanding officer. 32 C.F.R. §§ 770.35-770.40 (2001). Appellants entered Camp García, without authorization, to protest and interfere with the military exercises occurring there. Appellants alleged that the Navy's activities, including live-fire artillery and bombardment exercises, were causing civilian deaths, serious health threats to Vieques' residents, and environmental damage.

Either before or during their trials in the district court, appellants made offers of proof or attempted to assert the defense of necessity. In each case, the district court ruled that the necessity defense was irrelevant and excluded the presentation of this defense.

Following bench trials, appellants were all convicted of violating 18 U.S.C. § 1382 (1994), which prohibits entry onto a

military base "for any purpose prohibited by law or lawful regulation," including entry onto a U.S. Naval installation in Puerto Rico without advance permission. See 32 C.F.R. §§ 770.38, 770.40. Appellants received various sentences for this Class B misdemeanor. They now appeal their convictions.

### Analysis

Appellants raise four separate challenges to their convictions. We address each in turn.

### A. Failure to Prove the Unlawful Purpose Element of Statute

The trespassing statute under which appellants were convicted forbids the entry onto any military installation "for any purpose prohibited by law or lawful regulation." 18 U.S.C. § 1382. Appellant Sued-Jiménez argues that the government failed to prove this unlawful purpose element because the government did not introduce any evidence at trial, such as warning signs, to demonstrate that appellant knew he was illegally entering Camp García. Without any evidence to show that appellant knew his entry was illegal, appellant asserts that his entry could not have been for an illegal purpose.

This is not the first time this argument has been raised in appeals from convictions under § 1382. See, e.g., United States v. Maxwell, 254 F.3d 21, 24-25 (1st Cir. 2001). We have previously held that a showing of illegal purpose for entry onto a restricted military base requires two elements: deliberate entry onto the base and

-13-

knowledge or notice that such entry was prohibited. See id. at 24. In Maxwell, another appeal from a section 1382 conviction for protesting in Vieques, we held that the Department of the Navy's regulations, promulgated at 32 C.F.R. §§ 770.35-770.40, are sufficient to satisfy the knowledge or notice requirement that military installations in Puerto Rico are off limits to the public. See Maxwell, 254 F.3d at 24-25. Thus, all the government has to prove at trial to satisfy the illegal purpose element is that the defendant deliberately entered the naval base. See id. at 25.

In this case, appellant admitted at trial that he entered onto the naval base without authorization. Moreover, appellant's intended purpose was to enter onto the Navy's land to protest the military activities occurring there. Therefore, the government has undeniably satisfied its burden of proving deliberate entry. As a result, appellant's argument that the illegal purpose element was not satisfied lacks merit.

## B. **The Necessity Defense**

Appellants collectively assert that the district court erred by finding the defense of necessity irrelevant to their trespassing convictions and therefore barring its presentation (and related expert testimony) at trial.

To successfully assert the necessity defense, a defendant must show that he (1) was faced with a choice of evils and chose the

lesser evil, (2) acted to prevent imminent harm, (3) reasonably anticipated a direct causal relationship between his acts and the harm to be averted, and (4) had no legal alternative. See Maxwell, 254 F.3d at 27. However, if a defendant's proffer of evidence to support the defense is insufficient as a matter of law, the court can bar presentation of the defense. See id. at 26. Because the elements of the necessity defense are conjunctive, the defense may be precluded entirely if proof of any one of the four prongs is lacking. See United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

Appellants argue that their illegal entry into Camp García was necessary to prevent the greater imminent harms of civilian deaths, health threats, and environmental damages that they say are posed by the military exercises being conducted there. Second, they assert that their presence in Camp García will necessarily bring a halt to the Navy's exercises and the concomitant risks that arise from those activities. Finally, appellants contend that they have exhausted all other legal alternatives, such as seeking temporary restraining orders and the scheduled referendum,[1] and that such alternatives have either been fruitless or have failed to bring about a sufficiently prompt resolution. The district court, determining that these allegations

---

[1] At the time of appellants' protests, a referendum had been scheduled to be held by February 2002 in which residents of Vieques would be asked whether they want U.S. troops to leave by May 1, 2003 or to stay indefinitely in exchange for $50 million in economic aid. In the meantime, the Navy agreed to use dummy munitions.

-15-

were insufficient to support the necessity defense as a matter of law, excluded the defense.

The district court's decision to preclude the necessity defense can most easily be affirmed by examining appellants' proffered evidence as to the last two components of the defense: reasonable anticipation of averting the alleged harm and no legal alternatives. Appellants offered no evidence to support their claim that their trespassory protests will result in a change of U.S. Naval policy so that the bombing and ammunition testing in Vieques will cease. See Maxwell, 254 F.3d at 28 (noting that a "defendant must demonstrate cause and effect between an act of protest and the achievement of the goal of the protest by competent evidence"). In fact, the Navy has experienced numerous protests in Camp García, yet none has effected more than a temporary cessation of military activities there. See id. at 23, 28 (discussing only temporary disruptions caused by past protests); United States v. Sharpton, 252 F.3d 536, 538-39 (1st Cir. 2001) (per curiam) (same).

Appellants also failed to offer sufficient evidence to demonstrate a lack of legal alternatives. Although appellants cite unsuccessful attempts to obtain temporary restraining orders against the U.S. Navy, they have not demonstrated an exhaustion of all legal options. See Maxwell, 254 F.3d at 28 (exploring several legal avenues without results does not demonstrate exhaustion of legal alternatives).

Moreover, appellants cannot claim they have no legal alternatives merely because their law-abiding efforts are unlikely to effect a change in policy as soon as they would like. See id. at 29 (stating that a possibility of succeeding through legal alternatives, even if unlikely, does not mean that those alternatives are "nonexistent"). This is true even for residents of Puerto Rico, who may have fewer options for effecting political change since they are not directly represented in Congress. See id. at 29 (rejecting argument that all legal alternatives were foreclosed because defendant was a citizen of Puerto Rico); Igartúa de la Rosa v. United States, 229 F.3d 80, 88 (1st Cir. 2000) (Torruella, J., concurring) (stating that "Puerto Rico remains a colony with little prospect of exerting effective political pressure on the elected branches of government to take corrective action"); Schoon, 971 F.2d at 198 (asserting that legal alternatives can never be exhausted when the harm could be mitigated through congressional action). See generally Trailer Marine Transp. Corp. v. Rivera Vázquez, 977 F.2d 1, 6-7 (1st Cir. 1992) (discussing status of Puerto Rico).

Because appellants have not proffered sufficient evidence to support the third or fourth prongs of the necessity defense, the district court properly precluded the defense, as well as any evidence relevant to the defense. As such, we need not address whether the alleged harm, if true, constitutes a "greater evil" than trespassing,

-17-

see Maxwell, 254 F.3d at 27 (assuming, but not deciding, that defendant's trespassory protest was a "lesser evil" than the harm posed by nuclear-armed submarines allegedly participating in Navy exercises in Vieques), or whether the alleged risks to health, life, and the environment, though cumulative over time, could qualify as "imminent" harm, see id. at 27 (defining "imminent harm" as a "real emergency" involving "immediate danger").

## C. **Discovery as to Use of Non-Conventional Weapons**

All appellants, except Sued-Jiménez, collectively assert that the district court erred in not permitting discovery on the government's alleged use of non-conventional weapons in Vieques' Live Impact Area.[2] Appellants seek evidence, if it exists, on the use of non-conventional weapons to support their allegation that the Navy's activities present an imminent health threat to Vieques' residents and are therefore a "greater evil" than trespassing. In other words, appellants requested discovery because it was relevant to the first and second elements of the necessity defense.

Given our affirmance of the district court's preclusion of the necessity defense, any evidence relating to this defense that might be obtained through discovery is irrelevant.[3] Thus, government-held evidence relating to the alleged use of non-conventional weapons is not material to the case and need not be disclosed to defendants. See Fed. R. Crim. P. 16(a)(1) (providing that government need only disclose evidence that is material to the defendant's defense). As a result, it was not error for the district court to refuse to order the requested discovery.

---

[2] The Live Impact Area is the section of Camp García where the live-fire artillery and bombardment exercises occur.

[3] This is all the more true because appellants only seek discovery of evidence relevant to the first two prongs of the necessity defense, the merits of which we have declined to address or rely upon in affirming the district court's preclusion of the defense.

## D.  Speedy Trial Act Claim

Appellant Agosto-Hernández appeals her conviction on the additional ground that it allegedly violates the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1994).  A criminal complaint was filed against Agosto-Hernández on June 25, 2000, the same day she was arrested.  An information was filed against her on June 29, 2000, and she was arraigned on August 28, 2000.  Appellant pled not guilty, and the government moved to dismiss the criminal complaint that had previously been filed.  At a status conference on December 13, 2000, appellant announced that she would move for a dismissal based on the Speedy Trial Act.  On December 20, 2000, she filed her motion to dismiss, alleging that more than 70 days had elapsed between her plea of not guilty and trial.  The district court denied the motion and appellant appeals.

The Speedy Trial Act provides that when a defendant pleads not guilty to "the commission of an offense," the trial must occur within seventy days from the date the information or indictment was filed, or from the date the defendant appeared before the court where the charge is pending, whichever is later.  See 18 U.S.C. § 3161(c)(1).  If the Act is violated, the charges will be dismissed on defendant's motion for failure to comply with this time table.  See 18 U.S.C. § 3162(a)(2).

The Speedy Trial Act, however, only applies to defendants charged with an "offense," which is defined as "any Federal criminal

offense which is in violation of any Act of Congress and is triable by a court established by Act of Congress (other than a Class B or C misdemeanor . . . )."  18 U.S.C. § 3172(2).  Thus, Class B and C misdemeanors are explicitly excluded from the Act's coverage.  The criminal trespassing statute at issue here, 18 U.S.C. § 1382, is classified as a Class B misdemeanor.  <u>See</u> 18 U.S.C. § 1382 (authorizing up to six months' imprisonment); 18 U.S.C. § 3559(a)(7) (1994) (classifying a criminal offense with a maximum sentence of six months as a Class B misdemeanor); <u>see also</u> <u>Sharpton</u>, 252 F.3d at 540.  As a result, the Speedy Trial Act does not apply to the criminal charge against appellant.  <u>See</u> 18 U.S.C. § 3172(2) (excluding Class B misdemeanors from Act's coverage); <u>see also</u> <u>United States</u> v. <u>Boyd</u>, 214 F.3d 1052, 1057 (9th Cir. 2000) (stating that Speedy Trial Act does not apply to trespass onto a military base).

Thus, appellant's policy-based argument that the Speedy Trial Act <u>should</u> apply to her case, despite the clear language of the Act, must fail because it is directly contrary to the Act's provisions.

## Conclusion

Because we find no error in the district court's rulings, we affirm.

**Affirmed.**