UNITED STATES of America Plaintiff

v.

Maria De LOURDES SANTIAGO Maria A. Negron Maribel Arroyo Irma Rodriguez Myrna Rodriguez Defendants

Nos. CR.02–106, CR.02–107, CR.02–108, CR.02–109, CR.02–110.

United States District Court, D. Puerto Rico.

April 1, 2002.

José E. Vega–Pacheco, Assistant U.S. Attorney, San Juan, PR, for Plaintiff (Government).

Carlos I. Gorrín–Peralta, San Juan, PR, for Defendants.

### *ORDER OF DETENTION*

GELPI, United States Magistrate Judge.

The above-named defendants stand charged before this Court for violating 18 U.S.C. § 1382. Specifically, the information filed by the Government alleges that on or about April 1, 2002, defendants trespassed onto Camp García Naval Installation.

The Court finds that there exists clear and convincing evidence to the effect that defendants' acts of trespassing on naval property, on the eve of military training exercises being set to commence, constitute a "danger to the community", as defined by the Bail Reform Act, 18 U.S.C. § 3142. *See United States v. Zenón*, 172 F.Supp.2d 332, 333–34 (D.P.R.2001).

America's national security is at eminent threat. Following the events of September 11, 2001, the war against terrorism is a reality to be reckoned within the entire United States, both in the mainland and Puerto Rico. More than ever, the Country's armed forces must at all times be adequately trained, in full alert, and ready to engage in combat. Consequently, all acts of trespass on military property being used for combat training—*i.e.*, Camp García—greatly threaten the Nation's security and military readiness.

All United States citizens, including those in the mainland, territories and abroad are entitled to the protection of the Country's armed forces. **Thus, a particular person or group's personal belief that the Navy should not train in Vieques and any ensuing trespass, no matter its motivation, is outweighed by the well-being of the entire Nation.** *See Vieques Conservation and Historical Trust v. Bush,* 140 F.Supp.2d 127, 134 (D.P.R.2001) ("[i]t is thus abundantly clear that the Court cannot simply zoom in on the concerns of [one person or group(s) of United States citizens] but it must pan back and keep the larger picture in focus [taking into account the concerns of] ALL United States citizens, citizens who are entitled to a well-trained military and national security."); *United States v. Acevedo–Delgado,* 167 F.Supp.2d 477, 481 (D.P.R.2001) (holding that the government has a compelling interest in its ability to carry out national security needs by protecting the security of its naval installations, and that "in order to maintain military readiness, the Navy must assure that it is capable of performing should the United States become involved in any war-related activities"); *Feliciano v. United States,* 297 F.Supp. 1356, 1365 (D.P.R.1969), *aff'd,* 422 F.2d 943, *cert. denied,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970) ("At the present time, the rights of our citizens to come and go as they please may be somewhat restricted by the necessity of protecting this nation from our enemies in time of war.").

■ Military bases are not public fora. *See United States v. Albertini,* 472 U.S. 675, 686, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985). Hence public entry thereto can be barred, as a compelling government interest in maintaining national security at such installations is ever-present. *Id.* Moreover, our Nation's Founding Fathers specifically saw to it that Congress have the constitutional authority to enact statutes such as 18 U.S.C. § 1382. *See* U.S. Const. Art. I Sec. 8 cl. 13—15 ("The Congress shall have Power...To provide and maintain a Navy; to make rules for the Government and Regulation of the land and naval Forces; to provide for calling for the Militia to execute the law of the Union, sup-

press Insurrections and repel Invasions; to provide for organizing, arming and disciplining the Militia...").  *See also* U.S. Const. Am. II (recognizing that a well regulated Militia is necessary to the security of a free State).[1]

■ The Bail Reform Act permits the pre-trial detention of a defendant in cases that involve a "crime of violence".  *See* 18 U.S.C. § 3142(f)(1)(A); *United States v. Ploof,* 851 F.2d 7, 9–10 (1st Cir.1988).  A crime of violence means "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another".  *See* 18 U.S.C. § 3156(a)(4)(A).

In the case at bar, the statute at issue, 18 U.S.C. § 1382, makes it a crime to *enter* a military installation *for any purpose prohibited by law or lawful regulation.*  (Emphasis added).  In this case, the military property in question, Camp García, is protected by a surrounding fence.  It is absolutely clear, thus, that the fence is not simply intended to mark a boundary or provide esthetic beauty.  Rather, it is intended to secure a military perimeter being used to conduct training exercises intended for the Nation's security.  Thus, the defendants' acts of surreptitiously entering Camp García, prior to the commencement of military maneuvers of utmost importance to the national defense, constitute the use or threatened use of physical force against United States property and against military personnel assigned to safeguard the same and maintain security at the naval installation.  In other words, the act of trespassing—entering Camp García—does not constitute a peaceful entry, but rather involves the use, attempted use, or threatened use of force.  *See, e.g., Zenón, supra* at 334 (defendants who entered naval area by vessel evading and endangering law enforcement personnel posed danger to community).  *Cf. United States v. Sued–Jiménez,* 275 F.3d 1, 7 (1st Cir.2001) (rejecting argument that unsuccessful attempts in obtaining injunctive relief against Navy make necessity defense available in Section 1382 prosecution for trespassing onto Camp Garcia); *United States v. Maxwell,* 254 F.3d 21, 29 (1st Cir.2001) (same).

In the case at bar, the Court concludes that at this time there are no conditions of release that will reasonably assure the safety of the community.  Military exercises are scheduled to run through April 21, 2002.  Should defendants be released, there are no guarantees that they will not again attempt to re-enter Camp García, and thus, continue to pose a national security threat.  The present acts of trespass are not a spur of the moment incident.  Rather, they were concerted way in advance, as evidenced by articles appearing in the local press.[2]  More so, the defendants have manifested that they refuse to recognize the jurisdiction of the federal

---

1.  The Court cannot simply ignore the fact that Puerto Ricans, who are United States citizens, presently comprise a significant percentage of the Nation's armed forces, more so, on a volunteer basis.  Puerto Ricans have bravely fought for the Nation's freedom in every conflict since World War I, many of them paying the ultimate price in the service of their Country.  *See Igartua De La Rosa v. United States,* 229 F.3d 80, 89 n. 19 (1st Cir.2000)(Torruella, C.J., concurring).

2.  *See, e.g., Viajarán a Vieques a los Nuevos Ejercicios unos 150 Activistas Boricuas de* E.E.U.U., El Nuevo Día, March 27, 2002; *Llamado Espiritual a la Desobediencia Civil,* Primera Hora, March 27, 2002; *Anti–Navy Activists Ready for Civil Disobedience Acts,* San Juan Star, March 26, 2002; *Convocan una Protesta de Pueblo Contra la Nueva Ronda de Maniobras,* El Nuevo Día, March 26, 2002; *Firme la Desobediencia Civil contra las Prácticas Bélicas,* Primera Hora, March 20, 2002; *A la Desobediencia Civil el PIP,* Primera Hora, March 19, 2002; *Unico Recurso la Desobediencia Civil,* El Vocero, January 8, 2002.

court. If this is indeed the case, then any conditions of release set by the Court will likely be ignored by defendants or simply be ineffective. Therefore, the Court holds that in the case of the appearing defendants detention without bail is warranted pursuant to 18 U.S.C. § 3142(f)(1)(A). *See United States v. De Jesús*, 277 F.3d 609, 613 (1st Cir.2002) (holding that "allegiance to a cause, no matter how deeply grounded, does not require endless leniency in [the criminal process]").

**WHEREFORE,** the Court **ORDERS** that defendants be detained without bail. Notwithstanding, once military exercises in Vieques cease, the Court, upon motion, will consider ordering the defendants released pursuant to 18 U.S.C. § 3142(c), if the circumstances so warrant.

**SO ORDERED.**