196 F.Supp.2d 136 (2002)
UNITED STATES of America, Plaintiff,
v.
Ismael GONZÁLEZ-RODRÍGUEZ Defendant
No. CRIM. 02-125.
United States District Court, D. Puerto Rico.
April 8, 2002.
*137 Jorge E. Vega-Pacheco, Asst. U.S. Atty., San Juan, PR, for Plaintiff.
Pedro J. Saade-Llorens, San Juan, PR, for Defendant.

ORDER OF DETENTION
GELPI, United States Magistrate Judge.
Defendant, Ismael González-Rodríguez, stands charged before this Court for violating 18 U.S.C. § 1382. The information filed by the Government states that on or about April 5, 2002, defendant trespassed onto Camp García Naval Installation, located in Vieques, Puerto Rico. This constitutes the third occasion defendant unlawfully enters the military property in question. Following defendant's first unauthorized entry to Camp García, the Government, upon request due to his health problems, moved for dismissal of the information filed. Following the conviction for his second such violation he was sentenced by the Hon. Aida M. Delgado-Colón, United States Magistrate-Judge, to time served.
Defendant's recidivist act of trespassing on naval property, at a time when military training exercises are being carried out, constitutes a clear "danger to the community", as defined by the Bail Reform Act, 18 U.S.C. § 3142. See United States v. Zenón, 172 F.Supp.2d 332, 333-34 (D.P.R. 2001). Consequently, the Court is compelled to detain him without bail at this time.
At present, America's military forces must at all times be adequately trained, in full alert, and ready to engage in combat. See United States v. Santiago, 194 F.Supp.2d 82 (D.P.R.2002)(Order of Detention of April 1, 2002, Crim. Nos. 02-106-110)(Gelpí, M.J.). The military exercises being conducted in Vieques from April 1-21, 2002 involve the preparation of the USS GEORGE WASHINGTON Aircraft Battle Group for an upcoming assignment overseas in which it will join other Groups from the United States' Atlantic Fleet in their intensive combat operations against terrorism. See Serrano-López v. Cooper, 193 F.Supp.2d 424 (D.P.R.2002)(Opinion and Order of April 4, 2002, Civil No. 02-1460)(Pérez-Giménez, J.). These military maneuvers are of the utmost importance to our national security and world peace. Thus, any person or group's acts of trespassing onto Camp García during this period of military training, regardless of their motivation, place our Nation's security and military readiness at grave risk.
The Bail Reform Act permits the pre-trial detention of a defendant in cases that involve a "crime of violence". See 18 U.S.C. § 3142(f)(1)(A); United States v. Ploof, 851 F.2d 7, 9-10 (1st Cir.1988). A crime of violence means "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another". See 18 U.S.C. § 3156(a)(4)(A). Upon proof that a defendant poses a danger of recidivism in regards to a "crime of violence" his pre-trial detention may be warranted. See Ploof, supra at 11 (citing 18 U.S.C. § 3142(f)).
In the case at bar, the statute at issue, 18 U.S.C. § 1382, makes it a crime to enter a military installation for any purpose prohibited by law or lawful regulation. (Emphasis added). In this case, the military property in question, Camp García, is protected *138 on land by a surrounding fence. It is absolutely clear, thus, that said fence is not simply intended to mark a boundary or provide esthetic beauty. Rather, it is intended to secure a military perimeter being used to conduct training exercises intended for the Nation's security.
The defendant's act of trespass cannot be said to be peaceful in nature where the same is intended to disrupt the George Washington Aircraft Battle Group's military training. Rather, by its very nature, at a minimum, it is grossly reckless and could have resulted in serious injury or death to defendant himself and his two accompanying comrades, as well as to naval and local law enforcement personnel. See, e.g., Zenón, supra at 334 (holding that defendants who entered Camp García naval area by vessel evading and endangering military and law enforcement personnel posed danger to community); Santiago, supra (holding that act of surreptitiously entering Camp García involves the threat that physical damage may result to persons or property).
In the case at bar, the Court concludes that at this time there are no conditions of release that will reasonably assure the safety of the American people if this defendant is released. His recidivist pattern of trespassing on military property signals that he will once again attempt to re-enter Camp García.
WHEREFORE, the Court orders that defendant Ismael González-Rodríguez be DETAINED without bail until April 22, 2002 at 9:00 a.m. At said time defendant shall be released pending trial under the following conditions. First, he shall not re-enter Camp García Naval Installation without due authorization. Second, a third party shall post a $3,000.00 unsecured bond on his behalf. The Court, in setting said conditions of release has considered the fact that this defendant, at his detention hearing, recognized the jurisdiction of the federal Court.
SO ORDERED.