217 F.Supp.2d 187 (2002)
UNITED STATES of America, Plaintiff
v.
Pedro ZENÓN-ENCARNACIÓN Cacimar Zenón-Encarnación Regalado Miró-Corcino Defendants
Nos. CRIM.02-236 ADC, CRIM.02-237 GAG, CRIM.02-238 ADC.
United States District Court, D. Puerto Rico.
August 22, 2002.
*188 Warren E. Vázquez, Assistant United States Attorney For the Government, for Plaintiff.
Harry Anduze-Montaño, San Juan, PR, for Defendant.

ORDER OF DETENTION
GELPI, United States Magistrate Judge.
The defendants once again stand charged before this Court for violating 18 U.S.C. § 1382. The information filed by the government states that on or about April 9, 2002, defendants trespassed onto waters surrounding Camp García Naval Installation in Vieques, Puerto Rico, a danger zone as described by 33 C.F.R. §§ 334.2 and 334.1470.
Defendants Cacimar and Pedro Zenón-Encarnación both have identical prior convictions for trespassing onto Camp García (see Criminal Case Nos. 01-321(JAG) and 01-322(JAG), respectively), and for assaulting a crewmember of a vessel (see Criminal Case Nos. 00-151(DRD) and 00-155(DRD), respectively). The Court sentenced them to time served in the trespassing case and to fifteen days imprisonment for the other offense. Defendant Regalado Miró-Corcino also has one prior conviction for trespassing onto Camp García, for which he was sentenced to a nine month term of probation (see Criminal Case No. 00-171(HL)).
At the time of the defendants' present act of trespassing, military exercises were indeed being conducted in Vieques. See Serrano-López v. Cooper, 193 F.Supp.2d 424, 426 (D.P.R.2002)(noting that such exercises were conducted from April 1-21, 2002); United States v. Gonzaléz-Rodríguez, 196 F.Supp.2d 136, 137 (D.P.R. 2002)(same). Interrupting or threatening to interrupt such maneuvers by unlawfully entering Camp Garacia's restricted training area places the Nation's security and military readiness at grave risk. See González-Rodríguez, supra at 137; United States v. Santiago, 194 F.Supp.2d 82, 83 (D.P.R.2002). As such, the Bail Reform Act regards such trespasses as a "crime of violence," which can warrant a defendant's pre-trial detention. See Gonzaléz-Rodríguez, supra at 137-138; Santiago, supra at 84.
In the case at bar, the Court finds that defendants' act of trespassing onto the waters surrounding Camp García constitutes a clear danger to the community. This is not the first occasion in which these defendants have trespassed onto Camp García's restricted area. At the time of defendants' current trespass, military exercises were in fact being conducted. Such exercises are set to renew on September 3, 2002, and will last for approximately two weeks.
The Court further finds that there are no conditions of release that will reasonably guarantee the safety of our community and Nation, which is protected by its armed forces. Unlawfully entering Camp García's restricted area on more than one occasion evidences the defendants' continued disrespect for the law. It further leads the Court to conclude that defendants pose a risk of once more engaging in such conduct, notwithstanding their current legal predicament. More so, "allegiance to a cause, no matter how deeply grounded, does not require endless leniency in [the criminal process]". United States v. De Jesús, 277 F.3d 609, 613 (1st Cir.2002).
*189 WHEREFORE, the Court hereby ORDERS that defendants be DETAINED without bail pending trial.
SO ORDERED.